■ BROAD PROPERTIES, INC., Respondent, v. ALMERIN C. O'HARA, as Commissioner of the Office of General Services, et al., Appellants.— In an action to declare invalid and unconstitutional chapter 688 of the Laws of 1973 and for certain injunctive relief, (1) defendants Metropolitan Transportation Authority (MTA), O'Hara and Schuler appeal from an order of the Supreme Court, Suffolk County, entered January 18, 1974, which denied their motion to dismiss the complaint for failure to state a cause of action, and (2) defendant Fairchild Industries, Inc. (Fairchild) appeals from a separate order of the same court, entered the same date, which denied its motion for summary judgment. We are treating the first above-mentioned motion as one for summary judgment (CPLR 3211, subd. [c]). Orders reversed, on the law, with one bill of $20 costs and disbursements jointly to appellants appearing separately and filing separate briefs, and summary judgment granted to all defendants declaring the subject statute valid and constitutional. Chapter 688 of the Laws of 1973 authorized the Commissioner of General Services to sell a certain parcel of State-owned property to Fairchild, upon the written consent of the Commissioner of Transportation and upon such terms and conditions, including consideration, as the Commissioner of General Services may fix and determine. The property, six acres of a 13-acre parcel, had been acquired by the State in 1955 and came under the jurisdiction of the Department of Public Works (which has since been superseded by the Department of Transportation). The remaining seven acres are owned by Fairchild. The parcel, a former sand and gravel pit, is used as a recharge basin, or sump, for water drainage. By virtue of a subsequent condemnation of land, the subject property was no longer needed by the Department of Transporta-

tion. In 1971, the MTA acquired a nearby parcel for use as a transportation center, and surface water from its parcel drains into the sump. Fairchild has agreed to pay consideration, to continue using the property as a recharge basin, to grant MTA an easement for its drainage and to maintain the property at no cost to the State or MTA. The subject legislation is not violative of any statutory or constitutional provision of this State (see N. Y. Const., art. III, §§ 15, 20; art. VII, § 8; Public Lands Law, § 33, subd. 1; §§ 39, 75; State Finance Law, art. 11). Plaintiff has also alleged that the law violates the equal protection provisions of the Fourteenth Amendment. A party attacking the constitutionality of a statute must demonstrate its invalidity beyond a reasonable doubt (*People* v. *Pagnotta*, 25 N Y 2d 333, 337). Plaintiff has failed to make any such showing. Accordingly, defendants are entitled to judgment. Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.