Angelo Graci, J.
In this class action to permanently enjoin defendants from administering the "fuel pass-along provisions of City Law Intro. No. 662-A effective July 1, 1975 which amended the Administrative Code of the City of New. York (Section Y51-5.0) and/or from distributing and making available to landlords within the City of New York fuel costs report forms or other documents and/or accepting for filing from landlords any and all 'Landlord’s Report, Certification and Notice of Fuel Cost Adjustment Eligibility’ or other documents purportedly to be utilized in connection with the administration of said local law”, defendants move pursuant to CPLR 3211 (subd [a], par 7) to dismiss the complaint.
. Section Y51-5.0 (as amd by LL 1975, No 27) of the Administrative Code of the City of New York provides for individual adjustment of maximum rents where there is a verifiable increase in heating and fuel expenditures over the verifiable 1974 expenditures, resulting from a city-wide rise in such costs, and where the landlord certifies that he is maintaining all essential services and will continue to do so, and that he will not earn in excess of the statutory return. The statute further provides that the maximum monthly rent increase shall not exceed $2 per room, or a total of $9 for five or more rooms, and that any adjustment shall automatically expire no later than June 30, 1976 (§ Y51-5.0, subd g, par [1], cl [n], subd [5]).
The basis for plaintiff’s complaint is that the legislation constitutes an improper delegation of administrative authority to the landlords of rent-controlled apartments in that the pass-along is based on a self-certification system and further, that it constitutes a denial of due process and equal protection, both in its inception and in its administration. The first contention is without merit. (Cf. 8200 Realty Corp. v Lindsay, 27 NY2d 124; Matter of Tenants’ Union of West Side [Beame], NYLJ, June 17, 1975, p 15, col 3, mod 47 AD2d 731.)
The thrust of plaintiff’s second contention is that tenants are not afforded the right to protest, examine or question the fuel pass-along prior to the increase and further, that the defendants do not have the staff, budget or facilities to adequately administer the program. The section provides that the rental increases are effective and collectible upon the landlord’s filing a report with the agency and upon giving notice to the tenants as such agency prescribes. The rent regulations *799 further provide that the tenant may challenge at the District Rent Office or protest to the Commissioner a claim that the landlord is not maintaining essential services. (Rent and Eviction Regulations, § 33.10, subd b.) All other challenges are made directly to a court of competent jurisdiction. Thus, the tenants may either challenge a landlord’s certification of a fuel cost adjustment in a nonpayment dispossess proceeding (V. C. S. Corp. v Pelzer, NYLJ, Aug. 6, 1975, p 13, col 6) or by initiating a simplified proceeding in the Housing Part of the Civil Court, for which forms are provided and at which the landlord has the burden of proving the accuracy of his figures and the propriety of the increase.
The presumption of constitutionality is strong and the party asserting the challenge must prove invalidity beyond a reasonable doubt. (See Matter of Finkel, Nadler & Goldstein v Levine, 46 AD2d 196; Broad Props. v O’Hara, 45 AD2d 868.) This is not an instance where a substantial property right (Mitchell v Grant Co., 416 US 600; Fuentes v Shevin, 407 US 67; Sniadach v Family Finance Corp., 395 US 337), or a right affecting survival (Goldberg v Kelly, 397 US 254), may be taken without adequate safeguards. There is no property right in rent. (See Gauthier v Gabel, 44 Misc 2d 887, 892, affd 16 NY2d 720.) Thus, the legislation at issue is not violative of due process or equal protection in its inception. "
Finally, the allegation based on unconstitutional administration of the statute is laid to the assertion that defendants "do not have the staff, budget or facilities to adequately administer the law”. Such an allegation is clearly insufficient. The case of Housing and Development Administration of City of New York v Community Housing Improvement Program (83 Misc 2d 977), is neither controlling nor applicable, nor necessarily the proper determination. Suffice it to say, however, the issues at bar do not reach the constitutional magnitude of Boddie v Connecticut (401 US 371), nor the complexity of the MBR program itself. The fuel pass-along is a relatively simple procedure. If the law falls short of its desired goals, it is not for the courts to strike it down as unconstitutional, but rather, for the legislative body to excise it as impractical.
Accordingly, the motion is granted and the complaint dismissed.