■ In the Matter of WELCH-ALLYN, INC., Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Insurance Appeal Board. The employer-respondent Welch-Allyn, Inc., is in the business of manufacturing medical diagnostic instruments. For some years Frank M. Rowe under an arrangement with Welch-Allyn manufactured instrument cases exclusively for its use. Rowe carried on these operations under lease in a part of the premises in which Welch-Allyn's operations were conducted; and Welch-Allyn furnished Rowe the machinery and some of the tools. In 1957 Mr. Rowe, being of advanced age, entered into an arrangement with Welch-Allyn. He had eight employees in whose welfare he was concerned. The president of the corporation testified that he and Mr. Rowe " worked out an arrangement so that he would retire ". Mr. Rowe died in March, 1957, before this could be carried out; his business operations stopped for a short time; the arrangement made in contemplation of his retirement was effected by his executor; title to all assets owned and used by Rowe in his manufacturing business was transferred to Welch-Allyn, the space used was taken over, and the unfinished work completed. Mr. Rowe's employees were hired and placed on the Welch-Allyn payroll. The Industrial Commissioner ruled that a transfer within subdivision 4 of section 581 of the Labor Law occurred, and therefore merged Mr. Rowe's unemployment insur-

ance account with that of Welch-Allyn and this resulted in a higher rate for Welch-Allyn. On review the Referee held that the transaction did not constitute a transfer within the statute; overruled the Commissioner's determination; and ruled that the Welch-Allyn, Inc., account "should not be charged with respect to the experience of Frank Markell Rowe." The Unemployment Insurance Appeal Board has affirmed this determination and the Industrial Commissioner appeals to this court. The basic theory of decision is that no "organization, trade or business" survived the death of Rowe which could constitute a transfer. We are of opinion the Commissioner is correct and that there has been a "transfer" within the language and meaning of the statute. The statute is cast in negative terms. No transfer "shall be deemed to have occurred" if the Commissioner finds that "all" the "following conditions" exist. Two are important in this case. One is that the transferee has "not continued or resumed the business" of the transferring employer. The other is that the "transferee has not employed substantially the same employees" as the transferring employer had employed. There can be no doubt in this record that Welch-Allyn, Inc., "resumed" if it did not "continue" the business of Rowe. And if there were any doubt about that, there can be no doubt that it literally "employed substantially the same employees" that Rowe had. Indeed, the Referee and Appeal Board expressly found that it "then hired his former employees as new employees under new terms and conditions of employment." This finding brings Welch-Allyn within the exact language of the statute. The view of the Referee and the Appeal Board that no organization, trade or business "survived" Rowe's death does not answer the legal position taken by the Commissioner. The tests of survival are the words of the statute. They are not general but very specific tests, at least two of which are met under the findings in this case. The list of negatives set up in section 581 (subd. 4, par. [c]), must all exist or there is a transfer within paragraph (a). This is the way the statute reads; and this is the judicial construction which has been given its language. (*Matter of Mark Hotel Corp.* [*Catherwood*], 9 A D 2d 412.) Determination of the Appeal Board reversed and the initial determination of the Industrial Commissioner reinstated, with costs to the Commissioner against the Unemployment Insurance Appeal Board.