■ In the Matter of GREAT CENTRAL DISTRIBUTING CO., INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board holding that appellant was not a transferee of B. H. Spinney Co. within the meaning of the statute and thus not entitled to the benefit of its experience rating (Labor Law, § 581, subd. 4, pars. [a], [c]). The B. H. Spinney Co. (Spinney) was *inter alia* a franchised distributor of Motorola products in the Central New York area. When its principal share holder decided to retire, Motorola was notified and arranged for appellant to take over the franchise. On Friday, April 2, 1965 Spinney surrendered its franchise and on Monday, April 5, 1965 appellant began operations under it. As part of this transaction approximately $100,000 in inventory of Motorola products was transferred from Spinney to Motorola to appellant and some furniture, parts and a station wagon directly from Spinney to appellant. In addition 11 employees out of 19 who

then worked for Spinney were hired by appellant at approximately their former rate of pay. Of the remaining eight, four employees remained with Spinney, which continued in operation until November 7, 1966 to liquidate its accounts receivable and other assets, and four employees were let go. In denying that appellant was entitled to Spinney's experience rating the board must necessarily have found that there existed each of the four negative conditions set forth in paragraph (c) of subdivision 4 of section 581 of the Labor Law (*Matter of Carrazza Buick [C. Richard Ferris, Inc.— Catherwood]*, 20 A D 2d 613, 614). Unless *all* four conditions exist, a transfer shall be deemed to have occurred (*Matter of Mark Hotel Corp. [Catherwood]*, 9 A D 2d 412). The board found that condition 3 (§ 581, subd. 4, par. [c], cl. [3]), which deals with continuation of the business, was met because even after Spinney surrendered its Motorola franchise, it continued doing business at the same address; appellant did not take over Spinney's lease or occupy its premises; and there was "absolutely no privity of contract between them so as to effect a statutory transfer". But in *Matter of Mark Hotel Corp. [Catherwood]* (*supra*, p. 414) we stated that "Nowhere in the statute is a transfer through an intermediary expressly prohibited or excepted." And there can be no doubt that appellant "resumed" if it did not "continue" Spinney's Motorola business (*Matter of Welch-Allyn [Catherwood]*, 13 A D 2d 594). The statute expressly provides that it is not necessary that the transferee continue the business in the same establishment. Nor does the fact that Spinney continued part of its other business prevent appellant from being a transferee (*Matter of Carrazza Buick [Catherwood]*, *supra*). The board has also found that appellant did not assume any of Spinney's obligations, apparently because of the absence of any privity between the two companies. However, appellant, albeit through the intermediary of Motorola, assumed Spinney's obligations for the $100,000 inventory of Motorola merchandise (*Matter of Carrazza Buick [Catherwood]*, *supra*). Finally, the board found that the fourth condition in section 581 (subd. 4, par. [c]) had been met apparently because there was no direct arrangement to hire Spinney's employees. There is, however, no requirement of a direct arrangement to hire the transferor's employees (*Matter of Carrazza Buick [Catherwood]*, *supra*), and the uncontroverted evidence is that appellant hired most [11 out of 19 total and 11 out of 15 available] of Spinney's employees without any intervening employment by a third party. There was thus a "continuity of employment" (*Matter of Mark Hotel Corp. [Catherwood]*, *supra*, p. 415) as to entitle appellant to the benefits of the employment experience of its predecessor. Decision reversed and matter remitted for further proceedings not inconsistent herewith, with costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.