■ In the Matter of Chronetics, Inc., Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 11, 1971, which affirmed a referee decision sustaining the determination of the Industrial Commission revising appellant employer's rate of contribution because of a transfer of the experience rating account of General Resistance, Inc., to the employer. On or about July 31, 1968 the appellant, Chronetics, Inc., purchased General Resistance, Inc. The business of General Resistance was continued under its own name and in the same premises it occupied prior to the acquisition. The board found that approximately 25% of the employees of General Resistance continued to work for the appellant employer, that the latter assumed the obligations of the former and that Chronetics acquired some of the good will of the purchased corporation. Pursuant to section 581 (subd. 4, par. [c]) of the Labor Law, a transfer of accounts was found to have taken place and the experience rating of General Resistance was transferred to Chronetics, raising it from 1.3 to 3.0. Appellant contends that the board failed to take proof regarding the percentage of employees of General Resistance employed by Chronetics,

and that, assuming the percentage was approximately 25% as found by the board, it does not constitute "substantially the same employees" as those of the transferring employer (Labor Law, § 581, subd. 4, par. [c], cl. [4]) and therefore the finding of a transfer of accounts is erroneous. Assuming that the finding of a transfer was correct, it argues, the board nevertheless erred in failing to apportion the transferred experience rating according to the percentage of transferred employees of General Resistance, Inc., (Labor Law, § 581, subd. 4, par. [a]). Appellant's first contention is plainly without merit as evidenced by a reading of the statute. The list of negatives set up in section 581 (subd. 4, par. [c]) must *all* exist or there is a transfer within paragraph (a) (*Matter of Ward Foods [Catherwood]*, 26 A D 2d 968, 969; *Matter of Welch-Allyn, Inc. [Catherwood]*, 13 A D 2d 594; *Matter of Mark Hotel Corp. [Catherwood]*, 9 A D 2d 412, 415). Therefore, even assuming appellant is correct in its claim that Chronetics does not employ substantially the same employees as General Resistance, its legal position is not materially improved since there is substantial evidence to support the board's finding that the other three "negatives" do not exist (*id.*). The finding of a transfer of accounts was proper. Appellant's second argument is apparently based upon a misreading of section 581 (subd. 4, par. [a]). The provision dealing with proportionate allocation of an experience rating account has no application in the case of total transfer, as is the situation here. The transferor's account ceases to exist. The transferee takes over the transferor's operation and can properly be required to take over and continue its experience ratings account. Were this not permissible, there could be the anomalous result that the transferor employer's operations are being continued by the transferee without the former's experience rating being properly reflected anywhere, to the detriment of the unemployment insurance fund. While it cannot be said that the construction of the statute which appellant urges upon this court is devoid of merit, it is well established that where the question is one of specific application of a broad statutory term in an administrative proceeding, the administrative determination is to be accepted by the court if it has support in the record and a reasonable basis in law (*Red Hook Cold Storage Co.* v. *Department of Labor of State of N. Y.*, 295 N. Y. 1, 9). Therefore the board's decision should be affirmed. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.