In the Matter of FINKEL, NADLER & GOLDSTEIN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, December 12, 1974.

*Finkel, Nadler & Goldstein* (*Stanley Bierman* of counsel), appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General* (*Iris A. Steel, Samuel A. Hirschowitz* and *Murray Sylvester* of counsel), for respondent.

COOKE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 1973, which affirmed a Referee's decision upholding experience rating charges against the account of appellant employer.

The issue raised on this appeal is whether paragraph (e) of subdivision 1 of section 581 of the Labor Law, insofar as it permits the levying of experience ratings charges against the account of an employer who is in no way " at fault " for the unemployment of a former employee, sanctions a taking of property without due process of law in violation of the United States Constitution.

The facts are undisputed. Appellant employed Helen Gamberg for four weeks at the end of which she voluntarily terminated the employment relationship and accepted employment elsewhere. Prior to filing a claim for benefits on October 19, 1970, Gamberg worked for the last employer for 11 weeks. Her employment with the last employer was apparently terminated under non-disqualifying conditions and Gamberg commenced receiving unemployment insurance benefits.

Pursuant to paragraph (e) of subdivision 1 of section 581 of the Labor Law, which provides, in part, that benefits payable to a claimant shall be charged to the account of each base period employer in inverse chronological order of the claimant's most recent date of base period employment by each, the first 11 weeks of Gamberg's benefits were charged to her last employer and then the appellant employer was charged with the next four weeks of benefits. Appellant was notified of the charges to be assessed against its experience rating account and duly protested the same, to no avail.

Appellant's arguments on appeal are twofold: first, that since the statute permits the assessment of experience ratings charges against its account regardless of its fault in the unemployment of claimant, it is fundamentally unfair and thus a denial of due process of law; and second, that since the statute fails to provide for notice and a meaningful opportunity to be heard while permitting a deprivation of property, it denies appellant of procedural due process.

Our inquiry into the constitutionality of legislative enactments is circumscribed by sound rules of law rooted in the recognition of the divergent functions of the courts and the Legislature. Thus, it has been stated that every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions (*Borden's Co.* v. *Baldwin*, 293 U. S. 194, 209, 210). If any state of facts, known or to be assumed, justify the law, the court's power of inquiry ends and questions as to wisdom, need or appropriateness are for the Legislature (*Defiance Milk Prod. Co.* v. *Du Mond*, 309 N. Y. 537, 541).

The constitutionality of legislation assessing the costs of unemployment insurance benefits upon employers who were without "fault" in regard to the particular instance of unemployment has been repeatedly sustained (see *W. H. H. Chamberlin, Inc.* v. *Andrews*, 271 N. Y. 1; *Matter of Striley* [*Fairbanks Co.–Unemployment Ins. Appeal Bd.*], 15 A D 2d 385).

As was stated by the Court of Appeals in a related context in *W. H. H. Chamberlin, Inc.* v. *Andrews* (*supra,* p. 10), "employers generally are not so unrelated to the unemployment problem as to make a moderate tax upon their payrolls unreasonable or arbitrary." The wisdom of the challenged legislation has been disputed and debated by those responsible for its enactment (see N. Y. Legis. Annual, 1951, pp. 274–276) and by others (see Arnold, Experience Ratings, 55 Yale L. J. 218, 234–235 [1945]). Some of its inequities in operation have been recognized (see *Matter of Julius Resnick, Inc.* [*Catherwood*], 32 A D 2d 348). But, of the numerous available means of coping with the problem of unemployment compensation (see, generally, Arnold, Experience Ratings, 55 Yale L. J. 218 [1945]) it cannot be said that the one selected by the Legislature, at issue here, bears no rational relationship to the amelioration of that problem.

The decision made by the Legislature to distribute the cost of the benefits among the various base period employers is not without some justification since it can reasonably be said that there is a nexus between such employments and the amount of benefits to which claimant would be entitled. The mere fact that inequities may occasionally arise does not provide a sufficient basis for striking down the legislation as unconstitutional. It is a settled principle of law that courts strike down a statute only as a last resort. (*Matter of Ahern* v. *South Buffalo Ry. Co.,* 303 N. Y. 545, 555, affd. 344 U. S. 367.)

In this instance, we are without the power to question the wisdom of this legislative means of distributing the costs of unemployment insurance benefits since it cannot be said that the measures are so extreme as to be arbitrary (*W. H. H. Chamberlin, Inc.* v. *Andrews, supra,* p. 15).

Turning to appellant's second argument, paragraph (e) of subdivision 1 of section 581 does provide for notice to the employer that experience ratings charges are being assessed against his account. The notice mailed to appellant contains this printed instruction: "If you disagree with this determination, you may apply for a hearing within 20 days from the mailing date of this notice." Appellant was afforded a hearing although the relief sought — the declaration of unconstitutionality of said law — was denied since neither the Referee nor the board had the power to grant it (1 N. Y. Jur., Administrative Law, § 67). However, appellant has not been denied a forum in which its claims could meaningfully be heard since

this court is empowered to pass upon such questions. In short, appellant has been afforded procedural due process.

The decision should be affirmed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Decision affirmed, without costs.