In the Matter of ALLEGHENY AIRLINES, INC., Appellant, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent.

Third Department, May 27, 1976

*Kaplan & Abrahams (Abraham Kaplan* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz and Murray Sylvester* of counsel), for respondent.

LARKIN, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 1975, which rescinded a prior decision filed March 14, 1975 and affirmed the decision of a Referee who sustained the determination of the Industrial Commissioner that the unemployment insurance experience of Mohawk Airlines be combined with that of Allegheny Airlines for experience rating purposes. This decision resulted in revision of Allegheny's contribution rate from 1.8% to 3.4%.

Allegheny Airlines and Mohawk Airlines, pursuant to approval of the Civil Aeronautics Board, effected a statutory merger which resulted in Allegheny acquiring Mohawk's assets, assuming its liabilities and hiring almost all of its former employees. Prior to the date of the merger, Allegheny employed 105 persons in New York State and had an experience rating of 1.8%. Mohawk employed more than 2,000 persons and had an experience rating of 3.4%. Subsequent to the merger, a determination was issued by the Unemployment Insurance Division ruling that the experience rating of Mohawk be combined with that of Allegheny. The Unemployment Insurance Appeal Board overruled the determination of the Industrial Commissioner and reversed the decision of the Referee. In that decision, the board concluded that no notice of a transfer had been given, no transfer of accounts had occurred within the meaning of the Labor Law and thus it was not permissible to combine the unemployment insurance experience of Mohawk with that of Allegheny (Labor Law, § 581). The board also found that the Industrial Commissioner has no discretion under the Labor Law to determine the extent to which a transferee employer is required to have his employment experience rating combined with the transferor employer.

On the Industrial Commissioner's request to the board to reopen and reconsider its determination based upon "recent discovery of evidence" of notice of transfer given by Allegheny to the Unemployment Insurance Appeal Division, the board rescinded its decision and thereafter sustained the determination of the Industrial Commissioner and affirmed the decision of the Referee. In so doing, the board found that a telephone conversation from Allegheny's employee to the commissioner's

representative constituted a giving of notice of transfer and therefore a transfer did occur within the meaning of the statute (Labor Law, § 581, subd 4). On this appeal, appellant contends that no transfer of account may be deemed to have occurred between Mohawk and Allegheny as neither gave notice as required by law and, further, that the Industrial Commissioner has discretion to determine the extent to which a transferee employer will be required to have combined with its experience rating an unfavorable experience rating of a transferor employer.

Paragraph (d) of subdivision 4 of section 581 of the Labor Law provides: "No transfer [of accounts] shall be deemed to have occurred unless either the transferring employer or the transferee has given notice of the transfer to the commissioner prior to the termination of the calendar year following the calendar year in which the transfer occurred." This provision was designed to provide a time period within which to notify the Industrial Commissioner of a transfer of a business (Memorandum of the Department of Labor, NY Legis Ann, 1952, p 315). Allegheny urges that by virtue of the notice requirement, the transfer of the unemployment experience of Mohawk is optional and if Allegheny seeks to avoid the transfer it merely must omit giving notice to the Industrial Commissioner. This contention is error because the underlying policies of the unemployment insurance system call for distribution of the cost of benefits among base period employers *(Matter of Finkel, Nadler & Goldstein [Levine],* 46 AD2d 196, app dsmd 37 NY2d 740), and, in the case of a transfer of a business, protecting the integrity of the unemployment insurance fund by combining the transferor's experience rating with that of the transferee *(Matter of Chronetics, Inc. [Levine],* 46 AD2d 926).

The notice requirement for a transfer should not be interpreted to allow a successor corporation to be affected by the experience rating of its transferor business only where it is to that employer's benefit. The court has the power in a proper case to depart from literal construction to sustain a legislative intent and avoid objectional results, unreasonableness and statutory ineffectiveness (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 111, 141, 143 and 144). The oral notice from Allegheny to the commission, as well as the filing by Allegheny of the second quarterly report for Mohawk on July 25, 1972, which indicated that Allegheny was Mohawk's successor

by reason of a merger, confirmed the fact of change of ownership and constituted both oral and written notice of the transfer.

As to Allegheny's contention that notice must be written because of section 472.6 of the Rules of the Department of Labor (12 NYCRR 472.6), the board noted that this rule was not intended to limit or vary the method of giving notice, but rather serves to obtain information necessary to facilitate the mechanics of transferring the account in the records of the Unemployment Insurance Division. The construction given regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (*Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272).

Allegheny urges that the imposition upon it of Mohawk's unfavorable unemployment experience is inequitable because it penalizes Allegheny for rescuing a failing company. Allegheny further urges that the Industrial Commissioner is vested with the discretion to determine the extent to which a transferee employer will have its unemployment experience combined with that of a transferor employer (Labor Law, § 581, subd 4, par [b]). That section becomes operative in the event of a partial transfer of a business and employees to another corporation. It does not vest discretion in the commissioner. He must make a proportionate allocation where there is a partial transfer of the business, but where there is a total transfer the transferee takes over the transferor's experience rating account.

The decision should be affirmed without costs.

SWEENEY, J. P., MAHONEY, MAIN and HERLIHY, JJ., concur.

Decision affirmed, without costs.