■ In the Matter of JOSEPH C. GAIGAL, Respondent, v COUNTY OF SUFFOLK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to certify the petitioner's seniority date as July 24, 1963 for all employment benefits, the appeal is from a judgment of the Supreme Court, Suffolk County, dated February 16, 1978, which granted the petition. Judgment affirmed, without costs or disbursements. Petitioner was appointed a provisional engineering aide in the Suffolk County Department

---

of Public Works on April 10, 1963. On July 24, 1963 he was given probationary status which, eight weeks later, ripened into permanent status. On January 31, 1964 petitioner received approval of his request, effective January 13, 1964, to transfer from his then-present employment to similar employment with the Town of Smithtown. The Smithtown Supervisor and the Commissioner of Public Works for the county formally consented, in writing, to the request for a transfer. Sometime prior to April, 1971, petitioner took and passed, an open competitive civil service examination for assistant civil engineer. As a result of his position on the eligible list, petitioner was hired for this new position at the Suffolk County Department of Public Works on March 24, 1971, to be effective April 12, 1971. On April 12, 1971 petitioner notified the Town of Smithtown of his resignation, effective April 23, 1971. Special Term held that petitioner's service was continuous from July 24, 1963, since at no time did he resign from county employment and the county consented to his transfer to the Town of Smithtown. Accordingly, the court ordered that appellants certify petitioner's seniority date as July 24, 1963 for all employment benefits. Appellants contend that the 1964 transfer from county to town employment constituted a resignation from county employment. They argue further that petitioner did not resume his county employment by transfer from the Town of Smithtown but rather that he was appointed, effective April 12, 1971, as an assistant civil engineer for the county from an eligibility list established after an open, competitive civil service examination. We find appellants' arguments to be without merit. It is conceded by appellants that in 1964 petitioner fully complied with the applicable rules for transfer of employment. It cannot be said that a valid transfer of employment amounts to a resignation. To hold otherwise would render meaningless the requirement of obtaining the consent of all parties to effect a transfer. Obtaining consent of the parties concerned would be an empty gesture if a transfer is deemed a resignation. Resignations need not be effected by consent. The only rational explanation of the county's transfer rule as applied to the facts of this case is that once consent is obtained a civil service employee may transfer his employment to a subdivision of the county without loss of seniority. Since petitioner's county employment was never terminated, his seniority should be computed from the date he originally commenced working for the county. Appellants contend, and the dissenter agrees, that there was no transfer of petitioner from town to county employment in 1971. However, it is our opinion that no such transfer was necessary. Petitioner never terminated his county employment; he did not resign nor was he discharged. Therefore, there was no need to utilize the transfer mechanism. Damiani, J. P., Titone and O'Connor, JJ., concur.

Martuscello, J., dissents and votes to reverse the judgment and dismiss the proceeding, with the following memorandum: This appeal presents the question of whether a town employee who resigns upon being appointed to a county position from a civil service eligible list may retain seniority accrued as a public employee prior to his resignation. Under the circumstances here presented, I would hold that he may not. Petitioner Joseph C. Gaigal was appointed as a provisional engineering aide in the Suffolk County Department of Public Works. Probationary status was conferred on July 24, 1963; petitioner achieved permanent status eight weeks thereafter. Six months later, petitioner requested and received permission to transfer from his employment by the Suffolk County Department of Public Works to the Town of Smithtown. The Smithtown Supervisor and the Commissioner of the Suffolk County Department of Public Works formally consented, in

writing, to petitioner's request for the transfer. On March 24, 1971 the Suffolk County Department of Public Works appointed petitioner to the position of assistant civil engineer from the appropriate civil service eligible list. Petitioner's name was placed on the eligible list after he passed an open competitive civil service examination for assistant civil engineer. On April 12, 1971, after accepting the county's appointment petitioner resigned from his position with the Town of Smithtown. At Special Term and on appeal petitioner maintains that July 24, 1963, the date his employment with Suffolk County originally commenced, is the proper date for the purpose of computing his seniority and other employment benefits. Appellants, however, have ruled that April 12, 1971, the date of petitioner's designation as assistant civil engineer, is the date which determines his seniority. Petitioner argues that his appointment as an assistant civil engineer constituted a "transfer" from the Town of Smithtown back to Suffolk County, under which he retained the seniority he acquired from the time of his initial employment by the county. Appellants contend that petitioner's appointment from the eligible list did not entitle him to any "transfer" seniority rights. In my opinion the appellants are correct. The record before us amply demonstrates that petitioner simply resigned from his Smithtown position and was appointed to a new post from the eligible list by the county, with no "transfer" intended or implied. Paragraph D of subdivision 1 of Rule XX [renumbered as Rule XV, August 1, 1977] of the Suffolk County Civil Service Rule states: "Every transfer shall require the consent, in writing, of the transferee and of the respective appointing authorities having jurisdiction over the positions to which and from which transfer is sought, and the approval of the Personnel Officer." No such written consent to petitioner's appointment as assistant civil engineer was obtained, either from the Town of Smithtown or from the Suffolk County Department of Public Works. Indeed, in the wake of petitioner's appointment by the county and his subsequent resignation from town employment the consent of either appointing authority would have been superfluous. The construction given rules and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld (see *Matter of Allegheny Airlines v New York State Dept. of Labor,* 52 AD2d 281, 284; *Matter of Sigety v Ingraham,* 29 NY2d 110, 114). Here, the appellants have reasonably interpreted Rule XX to allow a "transfer" only if the conditions enumerated therein have been satisfied. Since the required consent from the appropriate appointing authorities in Suffolk County was not obtained the petitioner did not transfer from the Town of Smithtown to the Suffolk County Department of Public Works. Rather, he resigned from his employment with the Town of Smithtown and was appointed to a new position as assistant civil engineer with Suffolk County. Therefore, Special Term erred when it found that petitioner's "service was continuous from July 24, 1963" and the order certifying that date as petitioner's seniority date for employment benefits must be reversed.