■ In the Matter of IMPERIAL NEWS CO., INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 20, 1980, which affirmed the decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner ruling that the unemployment insurance experience rating of East Island News Corporation be transferred to the employer herein because there had been a transfer under subdivision 4 of section 581 of the Labor Law. Pursuant to an agreement entered into by the employer herein, Imperial News Company, Inc. (hereinafter, Imperial), and East Island News Corporation (hereinafter, East Island), on June 13, 1977, Imperial purchased the entire business of East Island with the closing taking place on July 21, 1977. Subsequently, in response to a letter dated August 19, 1978 from the Unemployment Insurance Division to East Island regarding the latter's failure to file the required unemployment insurance quarterly tax reports, a person purporting to be a bookkeeper of East Island notified the Division of the transfer of the business to Imperial. Accordingly, the Industrial

Commissioner, an Administrative Law Judge and the board all concluded that the unemployment insurance experience rating of East Island should be transferred to Imperial because there had been a transfer under subdivision 4 of section 581 of the Labor Law. Imperial now appeals, but we hold that the challenged decision of the board should be affirmed. The evidence in the record establishes that there was a total transfer of East Island's business to Imperial, and that being so, Imperial's contention that there should have been an apportionment of East Island's experience rating when it was transferred to Imperial according to the percentage of East Island's employees who continued to work for Imperial is without merit. Under these circumstances, the statutory provision relative to the proportionate allocation of an experience rating does not apply (cf. *Matter of Allegheny Airlines v New York State Dept. of Labor*, 52 AD2d 281; *Matter of Chronetics, Inc. [Levine]*, 46 AD2d 926). Imperial's remaining argument that the rate transfer is inapplicable because no timely notice of the transfer of the business was given to the Industrial Commissioner as required by section 581 (subd 4, par [d]) of the Labor Law is likewise lacking in substance. Even if the notice sent by the purported bookkeeper was not authorized by East Island, the accuracy of the information in the notice is not disputed. Such being the case, the notice was sufficient to meet the statutory requirement and the commissioner could properly act on the information contained therein so as to sustain the obvious legislative intent by protecting the integrity of the unemployment insurance fund. A contrary result would unjustifiably permit a successor business, such as Imperial, to avoid any effect from the poor experience rating of a business which it has purchased by merely failing to notify the commissioner of the transfer (cf. *Matter of Allegheny Airlines v New York State Dept. of Labor, supra*). Decision affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.