■ In the Matter of MANAGEMENT DATA COMMUNICATIONS CORP., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 31, 1981, which rescinded a decision of the board filed May 6, 1981, reversed a decision of an Administrative Law Judge and sustained a determination of the Industrial Commissioner assessing the employer herein the sum of $9,076.25 as contributions due from the employer for the audit period from July 1, 1978 through March 31, 1980. Blue Cross of Central New York, Inc. (BCC), and Blue Cross of Northeastern New York, Inc. (BCN), are corporations engaged in the business of providing health insurance benefits. The employer herein, Management Data Communications Corp. (MDCC), is a corporation engaged in the business of data processing. During the period at issue here, BCC and BCN contracted with MDCC to perform data processing services for them. Prior to this arrangement, BCC and BCN had performed these data processing tasks for themselves within their respective corporate organizations. Under these circumstances, the board concluded that there had been no transfer by either BCC or BCN of their respective businesses, in whole or in part, to MDCC, pursuant to section 581 (subd 4, par [a]) of the Labor Law. Accordingly, it held that, in determining the contributions due from MDCC to its employer's account under section 581, MDCC could not benefit from the experience ratings of BCC and BCN by any transfers from the employer's accounts of BCC and BCN. We hold that the challenged decision should be affirmed. As noted

above, what BCC and BCN actually did here was contract with MDCC to perform certain services for them which they had previously done for themselves, and the situation can be readily analogized to a corporation deciding to cease providing other services for itself, such as janitorial or security services, and instead hiring an outside party to perform the necessary tasks. Surely, in these circumstances, the board could reasonably conclude that MDCC had not become a health insurer and that BCC and BCN had not transferred any portion of their insurance business to MDCC. That being so, the board's construction and application of the term "transfer", as used in section 581, have a rational basis, and its decision should not be disturbed (cf. *Matter of Newman* [*Catherwood*], 24 AD2d 1042). In so ruling, we lastly note that MDCC mistakenly asserts that section 581 (subd 4, par [c]) requires a contrary result. That paragraph sets forth certain negative conditions, the occurrence of all of which mandates a finding that no transfer has occurred under the statute. It clearly does not require the board to make a contrary finding that there has been a transfer in a situation such as we have here, even if it is assumed that some of the statute's negative conditions do not exist in this instance. Decision affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.