■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABDUL MUID WASI, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Harvey, J.), entered April 21, 1982 in Clinton County, which denied petitioner's application for a writ of habeas corpus, without a hearing. Judgment affirmed, without costs, on the opinion of Mr. Justice Norman L. Harvey at Special Term. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

■ In the Matter of the CAT'S PAJAMAS, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 3, 1982, which affirmed the decision of an administrative law judge sustaining the determination of the Commissioner of Labor transferring the account and experience rating of the predecessor employer to the appellant, pursuant to subdivision 4 of section 581 of the Labor Law. Appellant acquired the entire business, including inventory and good will, of Jan Norman, doing business as the Cat's Pajamas. Appellant continued the business at the same location and under the same name and for a time retained one of the predecessor's employees. The Unemployment Insurance Division determined that a transfer had occurred pursuant to subdivision 4 of section 581 of the Labor Law, and, accordingly, assigned appellant its predecessor's experience rating account. This account had a negative balance and carried an unemployment insurance contribution rate of 5.1%, rather than the 3.7% maximum rate generally being assessed at that time against new employers (see Labor Law, § 581, subd 2, par [c]; § 577, subd 2). It is urged that subdivision 4 of section 581, as applied in this instance, is unconstitutional and irrational because it requires imposition upon appellant of the negative aspects of the predecessor's experience rating account. We disagree. The statute was contrived to achieve a legitimate legislative purpose, that of distributing the cost of financing the unemployment insurance fund. In a case, such as here, where a total transfer occurred, if the statute did not inflict the burden of a negative account balance on the transferee, this liability would be debited to the State's general account, and would in effect be charged to the State's other employers (see *Matter of Chronetics, Inc. [Levine]*, 46 AD2d 926). This would be both unfair and illogical, especially since a new owner is at liberty to negotiate a purchase price which contemplates future liability. Since appellant has completely failed to demonstrate that the statute has no rational justification under "any state of facts, known or to be assumed" (*Matter of Finkel, Nadler & Goldstein [Levine]*, 46 AD2d 196, 197), or to overcome the presumption of constitutionality which attaches to a legislative act (*Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y.*, 46 NY2d 358, 370), we are bound to affirm. Decision affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.