■ In the Matter of CONTROL BUILDING SERVICES, INC., Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 2, 1986.

On June 15, 1984, Control Building Services, Inc. (Control) entered into a contract for a one-year term with Rreef Funds Company to provide janitorial and building maintenance services for Rreef's 14-story office building at Two Wall Street in New York City. Rreef had severed its relationship with Allied Maintenance Corporation (Allied), which previously provided janitorial and maintenance services at the building, because of dissatisfaction with Allied's performance. Both Allied and Control were parties to an industrywide collective bargaining agreement which required Control to retain at least the same number and type employees, fringe benefits, and conditions of employment as had Allied. It is conceded that Control never communicated or negotiated with Allied, nor did it purchase or acquire any of Allied's equipment, machinery or assets. The Unemployment Insurance Appeal Board determined that there had not been a "transfer" of Allied's "organization, trade or business" within the purview of Labor Law § 581 (4) (a) and denied Control's request to assume Allied's account and experience rating with the Department of Labor.

On this appeal, Control argues that the contract to provide maintenance services formerly provided by Allied at Two Wall Street constitutes a "transfer" within the meaning of Labor

Law § 581 (4) (a), and that because 3 of the 4 conditions set forth in Labor Law § 581 (4) (c) have been met, a transfer must be deemed to have occurred which entitled Control to take over Allied's experience-rating account. Central to its argument is the claim that Control took over Allied's business and the employment aspects of that business. We disagree. The record shows that Rreef severed its long-standing relationship with Allied and entered into a new contract with Control for a better price and better management. There is no connection between Allied and Control other than the fact that both companies were parties to an industrywide union contract, the terms of which required Control to maintain the same number of union employees and continue the employee fringe-benefit package contained in the contract. We find nothing irrational in the Board's construction and application of the term "transfer" as used in Labor Law § 581. Since that determination has a rational basis and support in the record, it should not be disturbed *(see, Matter of Management Data Communications Corp. [Ross],* 86 AD2d 936, *lv denied* 56 NY2d 506). Moreover, even if it is assumed that some of the negative conditions contained in Labor Law § 581 (4) (c) do not exist, the Board was not required to find that there had been a transfer *(supra).*

Decision affirmed, with costs. Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur.