■ In the Matter of EMPLOYEE RELATIONS ASSOCIATES, INC., Doing Business as EXTRA HELP, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 31, 1987, which assessed the employer for additional contributions.

In 1985, Employee Relations Associates, Inc. (hereinafter the employer) purchased Extra Help, Inc., a Rochester-based temporary employment agency. By reason of that transaction, the Commissioner of Labor revised the employer's unemployment insurance tax rate from 3.7% to 4.5%, with a corresponding increase in the employer's contributions. The employer maintains that Extra Help's poor unemployment insurance experience rating was improperly allocated to it because, at the time the purchase and sale agreement was entered into, Extra Help was defunct and had no business which could be transferred.

Labor Law § 581 (4) (a) provides, in part, that "[w]here an employer * * * transfers his or its organization, trade or business in whole or in part, the transferee shall take over and continue the employer's account". However, no transfer is deemed to have transpired if the transferee has neither assumed any obligations of the transferring employer, acquired its good will, continued or resumed the business of the transferring employer, nor employed substantially the same employees *(see, Matter of Management Data Communications Corp. [Ross],* 86 AD2d 936).

The Unemployment Insurance Appeal Board's finding that there was a transfer of all or part of Extra Help's business has ample support in the record. By bill of sale dated January 1, 1985, the employer purchased all of Extra Help's equipment, furnishings, fixtures, files, records and good will for $2,000. The employer then moved into the same building occupied by Extra Help while servicing its clients. The employer used the latter's name and eventually formalized that use by filing a certificate of assumed name, thus indicating that Extra Help's name had value deemed worth capitalizing on. By doing so, the employer disclosed its intention to conduct business under that name both in Monroe County, where Extra Help had plied its trade, as well as in Ontario County, the employer's home county.

It also appears from the record that although the employer was not in the business of providing temporary office services prior to the acquisition of Extra Help, 50% of the employer's business consisted of providing such services subsequent to the acquisition. Additionally, the employer retained Extra Help's former bookkeeper to oversee its temporary office service activities. Inasmuch as the employer was not engaged as a temporary employment agency before it procured Extra Help, retention of the bookkeeper further supports the finding that the employer intended to purchase and continue with Extra Help's business. Furthermore, one of the conditions of the sales agreement, Extra Help's covenant not to compete with the employer within a radius of 100 miles from the City of Rochester, is clearly indicative of a transfer of Extra Help's business. The foregoing not only justifies the Board's conclusion that a transfer did indeed take place, but also that the conditions of Labor Law § 581 (4) (c) which negate a transfer have not been met.

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.