■ In the Matter of TAD TECHNICAL SERVICES CORPORATION, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [599 NYS2d 712] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 18, 1992, which revised the employer's unemployment insurance contribution rate.

In January 1990, the employer merged with and continued the entire businesses of four related corporations. Three of the merged corporations carried negative employer account balances as of the computation date of December 31, 1989 (see, Labor Law § 581 [1] [e]) and had excess negative balances for the years 1986 through 1989. The Commissioner of Labor determined that a transfer had occurred and assigned the employer the unemployment insurance experience accounts of the three merged corporations with negative balances (see, Labor Law § 581 [4] [a]). The Commissioner also determined that, because the excess negative balances for 1986 through 1989 had resulted in transfers of the excess negative balances

from the individual corporations' account to the general account, the employer's 1990 contribution rate should be revised from 2.6% to 5.4% (see, Labor Law § 581 [2] [a]). The Unemployment Insurance Appeal Board upheld the Commissioner's ruling and this appeal followed.

The employer argues that the Commissioner's interpretation of Labor Law § 581 is arbitrary and that the employer's positive employer account balance prior to the mergers should have been considered in calculating the new contribution rate. We disagree. Initially, we note that even if it is accepted that the employer's construction of the statute has merit, insofar as the question is one of specific application of a broad statutory term, the administrative determination is to be accepted if, as is the case here, it has support in the record and a reasonable basis in the law (see, Matter of Chronetics [Levine], 46 AD2d 926).

Labor Law § 581 (2) (a) sets forth a formula for determining an employer's contribution rate but provides an exception setting forth the specific 5.4% rate where a negative balance has been transferred from an employer's account to the general account. Labor Law § 581 (4) (a) provides that upon a total transfer, "the transferee shall take over and continue the employer's account, including its balance and all other aspects of its experience under this article" (emphasis supplied). Here, it was not irrational to conclude that part of the "experience" under Labor Law § 581 (4) (a) includes the transfer of the negative balance to the general account. Nor can it be said that the refusal to offset the negative balance with the employer's positive balance is without a rational basis. As we have noted, in cases of total transfers, "if the statute did not inflict the burden of a negative account balance on the transferee, this liability would be debited to the State's general account, and would in effect be charged to the State's other employers" (Matter of Cat's Pajamas [Roberts], 89 AD2d 1029). Here, the employer is not disputing that a total transfer took place and it has been recognized that the provisions of Labor Law § 581 (4) (a) dealing with proportionate allocation of an experience rating account have no application in cases of total transfers (see, Matter of Imperial News Co. [Ross], 82 AD2d 948; Matter of Chronetics [Levine], supra). The employer's remaining contentions have been considered and rejected for lack of merit.

Mikoll, J. P., Mercure, Crew III and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.