■ In the Matter of Up State Federal Credit Union, Appellant. John E. Sweeney, as Commissioner of Labor, Respondent. [667 NYS2d 481] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 17, 1996, which ruled that the unemployment insurance experience rating of RDC Federal Credit Union was transferred to Up State Federal Credit Union.

Sometime prior to 1993, the National Credit Union Administration (hereinafter NCUA) initiated insolvency proceedings against the RDC Federal Credit Union (hereinafter RDC) that eventually resulted in the purchase from NCUA by Up State Federal Credit Union (hereinafter Up State) of some of the loans RDC had made and the acceptance, with some exceptions, of RDC's accounts. Thereafter, the Commissioner of Labor determined that a transfer had occurred pursuant to Labor Law § 581 (4), and accordingly assigned RDC's account to Up State which increased Up State's rate of contribution. This appeal follows Up State's unsuccessful pursuit of administrative relief.

Initially, we reject Up State's contention that there was no "transferring employer" as required by Labor Law § 581. A "transferring employer" includes the "successor" of any firm, public or private association, or domestic corporation which obtained the property of its predecessor by operation of law (*see,* Labor Law § 512 [1]; *see also, Matter of Turano [Wightman-Miller],* 260 App Div 971, *affd* 286 NY 574). NCUA plainly fits within this definition since all of RDC's assets passed to it pursuant to statute (12 USC § 1787 [b] [2] [A]). Accordingly, we find no basis to disturb the Board's finding that NCUA was a transferring "employer" under Labor Law § 581 (4).

We also find that substantial evidence supports the Board's

ruling that there was a transfer of business. Under Labor Law § 581 (4), a transfer is deemed to have occurred unless it is found that the transferee has neither assumed any obligations of the transferring employer, acquired its good will, continued or resumed the business of the transferring employer, nor employed substantially the same employees (*see, Matter of Employee Relations Assocs. [Hartnett]*, 142 AD2d 813). Here, the record reveals that Up State resumed RDC's business from the same premises RDC occupied and hired the three employees of RDC who previously worked at this location. Under these circumstances, the Board's decision must be affirmed. Up State's remaining contentions have been examined and found to be either unpreserved for our review or unpersuasive.

Mikoll, J. P., White, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.