■ In the Matter of ELN OF NEW YORK, INC., et al., Appellants. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 242]—

Rose, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed July 2, 2003, which ruled that the unemployment insurance experience rating of Employee Leasing Network was transferred to ELN of New York, Inc. and ELN Professional Employer Group, Inc.

The present unemployment insurance experience rating dispute involves three corporations, all owned and operated by Cregg Paul. The corporations, Employee Leasing Network, Inc. (hereinafter Employee Leasing), ELN of New York, Inc. (hereinafter ELN NY) and ELN Professional Employer Group, Inc. (hereinafter ELN Professional), each engaged in the business of contracting with small businesses to provide them with administrative support related to payroll and benefit distribution. As part of the arrangement between Paul's companies and their client businesses, the employees of the clients are deemed the employees of Paul's companies working on assignment at the clients' places of business. On January 23, 1998, Paul completed an IA 100 form for the purpose of enrolling newly incorporated ELN Professional with the Department of Labor's unemployment insurance registry. On the form, Paul reported that ELN Professional had begun operating on January 1, 1998, declared himself to be its only employee and denied that he or ELN Professional had acquired the business of another company liable for unemployment insurance contributions. Noting that Employee Leasing ceased operating on December 31, 1997, and the similarity in names and workplace locations between it and ELN Professional, the Department requested Paul to provide more information as to whether his formation of ELN Professional had resulted from the acquisition of all or part of the business of Employee Leasing. After a lengthy delay, Paul denied any such acquisition, but provided no further information.

In August 1999, the Department sent a field representative to the office of ELN Professional to meet with Paul and obtain more information on whether a transfer of business had occurred. This representative's report prompted the Department

to conclude that Employee Leasing had transferred all of its employees to ELN Professional, which had fully acquired its business, warranting a commensurate transfer of Employee Leasing's unemployment experience rating account to ELN Professional pursuant to Labor Law § 581 (4) (d). Accordingly, the Department issued a notice of overdue taxes to ELN Professional. ELN Professional protested this assessment, stating that the information upon which it was based was erroneous, but again declined to shed further light on the nature of the alleged errors or the relationship between it and Employee Leasing.

Following a field audit and related investigations in 2001, the Department discovered for the first time that ELN NY had also been involved in the transfers. The investigations resulted in a second determination in March 2002, which was again revised in August 2002 to assess the liability of the corporations based on a finding that Employee Leasing had totally transferred its business, consisting of approximately 350 employees, to ELN NY and, further, that ELN NY had simultaneously executed a partial transfer by sending 300 of those employees to ELN Professional. Paul did not deny the information in the revised determinations, but requested a hearing. At the hearing's conclusion, the Administrative Law Judge found that the Department's transfer of Employee Leasing's experience rating to ELN NY and ELN Professional was justified in light of the failure of Paul and his companies to provide the necessary information on the transfers, resulting in a needlessly protracted investigation. The Unemployment Insurance Appeals Board affirmed. ELN NY and ELN Professional (hereinafter collectively referred to as the employers) appeal.

The employers' only contention on appeal is that the Department's investigation and ensuing determination was untimely and in violation of Labor Law § 581 (4) (d), thus rendering the experience rating transfer void. Specifically, the employers argue that, once the Department received notice of the transfers, which they further claim occurred in December 1997, the Department had until December 31, 1998 to complete the transfer of Employee Leasing's experience rating to ELN NY and ELN Professional. We find nothing in the plain and unambiguous language of this statute that would support such an interpretation.

Labor Law § 581 (4) (d) provides that "[n]o transfer shall be deemed to have occurred unless either the transferring employer or the transferee has given notice of the transfer to [the Department] prior to the termination of the calendar year following the calendar year in which the transfer occurred." As we have

had occasion to hold in the past, this statute was enacted for the purpose of requiring employers to provide timely notice of transfers that may require an adjustment combining the experience ratings of the businesses involved, thereby "protecting the integrity of the unemployment insurance fund" by ensuring that the benefits and costs of the system are equitably distributed among participating base period employers (*Matter of Allegheny Airlines [New York State Dept. of Labor]*, 52 AD2d 281, 283 [1976]; *see Matter of Cat's Pajamas [Roberts]*, 89 AD2d 1029, 1029 [1982]).

In our view, adopting the employers' strained and unfounded construction of this statute would undermine this policy, unjustifiably allowing them to escape a transfer of their predecessor's unfavorable experience rating by virtue of their own attempt to supply misinformation and thwart the Department's investigation (*see Matter of Imperial News Co. [Ross]*, 82 AD2d 948, 949 [1981]; *Matter of Allegheny Airlines [New York State Dept. of Labor]*, *supra* at 283). As the record provides substantial evidence supporting the Board's finding that the employers' lack of cooperation, including its submission of an inaccurate IA 100 form and repeated failures to inform the Department of the nature of the transfers despite the latter's frequent requests, accounted for the substantial delay in issuing the experience rating transfer, we decline to disturb the Board's decisions.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.