In the Matter of FELIX ASSOCIATES, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [862 NYS2d 165]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 9, 2007, which, based upon a transfer of an organization, trade or business, revised the unemployment insurance experience rating of Felix Associates, Inc.

In 1979, Felix Petrillo formed Felix Industries, Inc., which engaged in the business of underground construction and excavation. In 2000, Petrillo sold Felix Industries to Linc.net, Inc., which continued to operate Felix Industries as a fully owned subsidiary until Linc.net declared bankruptcy in 2002. On September 19, 2003, Felix Associates, Inc. (hereinafter the employer) was formed by five former employees of Felix Industries, including two of Petrillo's sons, for the purpose of doing, among other projects, underground construction and excavation. On September 30, 2003, Felix, LLC, another entity formed by Petrillo, purchased some of Felix Industries' assets, including construction equipment and an operating contract between Felix Industries and the City of Port St. Lucie, Florida, from Linc.net as part of Linc.net's chapter 11 reorganization. That same day, Felix, LLC sold the assets to the employer, which used them to begin operations.

Labor Law § 581 (4) (a) provides, in relevant part, that "[w]here an employer . . . transfers his [/her] or its organization, trade or business in whole or in part, the transferee shall take over and continue the employer's [unemployment experience] account." In March 2005, the Commissioner of Labor determined that Felix Industries transferred its business to the employer in 2003. The Commissioner thus revised the employ-

er's experience rating charge to take into account Felix Industries' negative balances. The Unemployment Insurance Appeal Board ultimately sustained the Commissioner's determination. The employer now appeals, arguing that the employer was not a transferee of Felix Industries within the meaning of Labor Law § 581.

Contrary to the employer's contentions, under the circumstances presented herein neither the employer's acquisition of Felix Industries' assets through an intermediary (see Matter of Great Cent. Distrib. Co. [Catherwood], 33 AD2d 839, 840 [1969]; Matter of Mark Hotel Corp. [Catherwood], 9 AD2d 412, 414 [1959]), nor the continued existence of Felix Industries in a reduced capacity (see Matter of Great Cent. Distrib. Co. [Catherwood], 33 AD2d at 840; Matter of Carrazza Buick, Inc. [C. Richard Ferris, Inc.—Catherwood], 20 AD2d 613, 614 [1963]), precludes a finding that it transferred its business "in whole or in part" to the employer (Labor Law § 581 [4] [a]). Furthermore, the Board's conclusion that a transfer occurred is clearly supported by the record, which includes testimony and documentary evidence indicating that the employer purchased Felix Industries' construction equipment, assumed its contractual obligation in Florida and renegotiated its contracts with its largest client, acquired its goodwill, hired at least 70 of its employees, and generally resumed its underground construction and excavation business in New York (see Labor Law § 581 [4] [c]; Matter of Kitay [Sweeney], 231 AD2d 779, 779 [1996]; Matter of Employee Relations Assoc. [Hartnett], 142 AD2d 813, 813-814 [1988]; Matter of Welch-Allyn, Inc. [Catherwood], 13 AD2d 594, 595 [1961], amended 14 AD2d 459 [1961]). Accordingly, we will not disturb the Board's decision to revise the employer's unemployment insurance experience rating based on a transfer of Felix Industries' account under Labor Law § 581 (4) (a).

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.