Kane, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 2007, which ruled that the unemployment insurance rating of Hardwood Lumber Manufacturing, Inc. was transferred to Hancock Lumber, LLC, doing business as Mallery Lumber.
Hardwood Lumber Manufacturing, Inc. operated a sawmill in the Town of Hancock, Delaware County. When it ceased operations, its assets were transferred to the George Mee Family Trust, a predecessor of the prior owner, essentially in lieu of foreclosure. As Hardwood wound up operations at the site by continuing to kiln-dry some lumber, Hancock Lumber, LLC (hereinafter Hancock) leased the facility from the trust and hired employees to make the sawmill functional again. After six months of leasing, Hancock purchased the real property and all related equipment, machinery and business assets from the trust. The Unemployment Insurance Appeal Board subsequently ruled that Hardwood’s unemployment insurance experience rating was transferred to Hancock pursuant to Labor Law § 581 (4). Hancock appeals from that decision.
“Labor Law § 581 provides for an experience-rating system which allows for variations in the unemployment insurance contribution rates from the standard rate of qualified employers” (Matter of Tri-State Newspaper Serv. [Sweeney], 213 AD2d 813, 813 [1995], lv denied 87 NY2d 805 [1995]). Where a business has been transferred from one employer to another, the statute provides that the former employer’s unemployment insurance rating shall also be transferred {see Labor Law § 581 [4] [a]). “Under Labor Law § 581 (4), a transfer is deemed to have occurred unless it is found that the transferee has neither assumed any obligations of the transferring employer, acquired its goodwill, continued or resumed the business of the transferring employer, nor employed substantially the same employees” (Matter of Up State Fed. Credit Union [Sweeney], 246 AD2d 704, 705 [1998]; see Labor Law § 581 [4] [c]; Matter of Employee Relations Assoc. [Hartnett], 142 AD2d 813, 814 [1988]; Matter of Great Cent. Distrib. Co. [Catherwood], 33 AD2d 839, 840 [1969]).
In the present case, evidence was presented that Hancock did not assume any of Hardwood’s liabilities nor acquire its goodwill. Yet 7 of the 11 employees Hancock initially hired had *846 been employed by Hardwood, including certain individuals with managerial and administrative responsibilities. Furthermore, the sawmill was never completely abandoned and Hancock continued to operate it in the same manner and from the same location as had Hardwood, even though Hancock sold its lumber to different markets. The purchase of the business through the trust, as opposed to directly from Hardwood, does not negate the transfer under the circumstances presented here (see Matter of Mark Hotel Corp. [Catherwood], 9 AD2d 412, 414 [1959]).
Hancock further contends that the experience rating should have been proportionally allocated because Hancock did not continue the lumber drying aspect of the business, which was part of Hardwood’s original operation. Proportionate allocation of a transferring employer’s experience rating is inapplicable in the case of a total transfer (see Matter of Allegheny Airlines v New York State Dept. of Labor, 52 AD2d 281, 284 [1976]; Matter of Chronetics, Inc. [Levine], 46 AD2d 926, 927 [1974]). Hancock purchased the assets formerly owned by Hardwood, including the kilns. Although Hancock decided not to continue the business’s kiln-drying operations, it initially used the kilns until it apparently determined that discontinuing this aspect of the business would enhance profits. Therefore, the Board did not err in failing to proportionately allocate Hardwood’s experience rating.
Cardona, EJ., Carpinello, Rose and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.