*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    520723
_____

In the Matter of PRODUCTION
    PROCESSING INC.,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.

(And Three Other Related Proceedings.)
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        Goldstein Jones, LLP, New York City (Richard W. Goldstein
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for respondent.

_____

Peters, P.J.

        Appeals from four decisions of the Unemployment Insurance
Appeal Board, filed July 9, 2014, which ruled, among other
things, that certain unemployment insurance experience ratings
transferred to Production Processing Inc., Power Payroll Inc.,
FSI Processing Inc. and Film Payment Services Inc. pursuant to
Labor Law § 581.

        Producers Payroll Inc., owned by Gregory Pickert, and FPS
Payroll Services Inc., owned by Robert Oberman, processed
payrolls for various companies in the entertainment industry.
Both companies, which operated out of the same address, ceased
operations in New York at the end of 2006.  In the first quarter

of 2007, Production Processing Inc. and Power Payroll Inc. commenced operations in New York, owned by Pickert. At that time, FSI Processing Inc. and Film Payment Services Inc. also commenced operations in New York, owned by Oberman. All four of these entities engaged in the same business as Producers Payroll and FPS Payroll. The Unemployment Insurance Appeal Board subsequently ruled that, pursuant to Labor Law § 581 (4) and (7), the unemployment insurance experience rating of Producers Payroll was transferred to Production Processing and Power Payroll and the unemployment insurance experience rating of FPS Payroll was transferred to FSI Processing and Film Payment. Production Processing, Power Payroll, FSI Processing and Film Payment now appeal.

Labor Law § 581 (7) (a) (1) states that "[i]f an employer transfers its organization, trade or business, or a portion thereof, to another employer and, at the time of the transfer, there is at least a ten percent common ownership, management or control of the two employers, then the unemployment experience attributable to the transferred organization, trade or business shall be transferred to the employer to whom such organization, trade or business is so transferred," and "[f]or purposes of this subdivision 'organization, trade or business' shall include the employer's workforce." Here, Production Processing and Power Payroll are solely owned by Pickert, who also owned Producers Payroll; FSI Processing and Film Payment are solely owned by Oberman, who also owned FPS Payroll. Further, the newly formed entities all operate out of the same address as Producers Payroll and FPS Payroll did. The record reflects that approximately 40% of Producers Payroll employees worked for Production Processing or Power Payroll in 2007. Similarly, approximately 50% of FPS Payroll employees worked for FSI Processing or Film Payment in 2007. Pickert, who also serves as Secretary for FSI Processing and FPS Payroll, testified that the new entities were created to carry on the business due to liability issues that Production Payroll and FPS Payroll had with the Internal Revenue Service. He also testified that a number of clients of Producers Payroll and FPS Payroll became clients of the new entities, although he did not know the exact number. In light of the foregoing, substantial evidence supports the Board's determination that a transfer of business from Producers Payroll to Production

Processing and Power Payroll and from FPS Payroll to FSI Processing and Film Payment occurred pursuant to Labor Law § 581 (7) (see generally Matter of Hancock Lbr. LLC [Commissioner of Labor], 56 AD3d 844, 845-846 [2008]; Matter of Felix Assoc., Inc. [Commissioner of Labor], 53 AD3d 893, 894 [2008]; Matter of Up State Fed. Credit Union [Sweeney], 246 AD2d 704, 704-705 [1998]). The unemployment insurance experience ratings were therefore properly transferred.

Garry, Rose and Devine, JJ., concur.


ORDERED that the decisions are affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court