Matter of Putrelo Bldg. Enters., Inc. (Commissioner of Labor) (2020 NY Slip Op 03166)





Matter of Putrelo Bldg. Enters., Inc. (Commissioner of Labor)


2020 NY Slip Op 03166


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

529926

[*1]In the Matter of Putrelo Building Enterprises, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Sheats & Bailey, PLLC, Liverpool (Jason B. Bailey of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for respondent.



Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 2019, which ruled that the unemployment insurance experience rating of Putrelo Construction Company, Inc. was transferred to Putrelo Building Enterprises, Inc.
Anthony Putrelo is the president and operations manager of Putrelo Construction Company, Inc. (hereinafter PCC), a construction company formed in 1986. In 2000, his wife, Kristine Putrelo (hereinafter Putrelo), became PCC's vice-president. In 2006, Putrelo formed Putrelo Building Enterprises, Inc. (hereinafter PBE), another construction business, and acted as its sole corporate officer. In 2011, Putrelo resigned from her position as vice-president of PCC in order to obtain certification to operate PBE as a women's business enterprise. During the fourth quarter of 2011, PCC was not actively involved in any construction work and did not have any new contracts or employees, but continued to maintain its corporate existence. PBE, however, remained active after this time.
The Department of Labor conducted an inquiry into the wage reporting activities of both PCC and PBE. Based upon its findings, the Department determined, among other things, that there had been a partial transfer of business from PCC to PBE under Labor Law § 581 (4), and that the unemployment insurance experience rating account of PCC should be transferred to PBE, resulting in an increase in PBE's unemployment insurance tax rate. This determination was upheld by an Administrative Law Judge following a hearing, and later by the Unemployment Insurance Appeal Board. PBE appeals.[FN1]
Labor Law § 581 establishes an experience-rating system that allows for variations in the unemployment insurance contribution rates from the standard rate of qualified employers in certain situations (see Matter of Hancock Lbr. LLC [Commissioner of Labor], 56 AD3d 844, 845 [2008]; Matter of Tri-State Newspaper Serv. [Sweeney], 213 AD2d 813, 813 [1995], lv denied 87 NY2d 805 [1995]). The statute provides, in relevant part, that "[w]here an employer . . . transfers his[, her] or its organization, trade or business in whole or in part, the transferee shall take over and continue the employer's [unemployment experience] account" (Labor Law § 581 [4] [a]; see Matter of Felix Assoc., Inc. [Commissioner of Labor], 53 AD3d 893, 893 [2008]). A transfer, however, will not be found to have occurred if the transferee has not assumed any of the transferring employer's obligations, has not acquired any of the transferring employer's good will, has not continued or resumed the business of the transferring employer either in the same establishment or elsewhere, and has not employed substantially the same employees as those of the transferring employer (see Labor Law § 581 [4] [c] [1], [2], [3], [4]; Matter of Hancock Lbr., LLC [Commissioner of Labor], 56 AD3d at 845). Significantly, all of these conditions must be met in order to negate a transfer (see Labor Law § 581 [4] [c]; Matter of Kitay [Sweeney], 231 AD2d 779, 779 [1996]; Matter of Chronetics, Inc. [Levine], 46 AD2d 926, 927 [1974]; Matter of Great Cent. Distrib. Co. [Catherwood], 33 AD2d 839, 840 [1969]).
The evidence establishes that PBE and PCC bid on similar projects involving public work contracts and operated their businesses at the same location on property leased from Grange Hill Realty, a company owned by Putrelo. While it was active, PCC occasionally acted as a subcontractor for PBE. In addition to acting as president and operations manager of PCC, Anthony Putrelo worked for PBE as its operations manager. Putrelo's son, who had also previously worked for PCC, acted as an estimator and project manager for PBE. The evidence further demonstrated that 67 of the 89 individuals who worked for PCC during the fourth quarter of 2011 worked for PBE during the first quarter of 2012. Notwithstanding the lack of evidence establishing that PBE assumed PCC's obligations or acquired its good will, the evidence established that PBE employed substantially the same employees as PCC and that they conducted activities at the same business location. In view of this, substantial evidence supports the Board's finding that the unemployment insurance experience rating of PCC should be transferred to PBE (see Matter of Chronetics, Inc. [Levine], 46 AD2d at 927). Therefore, we find no reason to disturb the Board's decision.
Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Although brief portions of the hearing transcript were deemed unintelligible, we do not find, as PBE contends, that the gaps in the transcript preclude meaningful review.