■ In the Matter of JANET HANOVER, as Administratrix of the Estate of WILLIAM HANOVER, Deceased, Respondent, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Appellant.—Appeal from (1) a judgment of the Supreme Court at Special Term, entered February 7, 1977 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent of annulling a determination of the New York State Comptroller and (2) an order of said court which vacated a prior order transferring the proceeding to this court pursuant to CPLR 7804 (subd [g]). William Hanover, a police officer, applied for an ordinary disability retirement pursuant to the provisions of section 362 of the Retirement and Social Security Law (all statutory references hereinafter are to the Retirement and Social Security Law). His application was filed on *August 14, 1975* and the appellant's administrative staff thereafter undertook to investigate the matter. On *October 6, 1975* the applicant died prior to a determination having been made by the Comptroller on the merits of the claim. Thereafter, the Comptroller did issue a determination which, *inter alia,* noted that the applicant was deceased and that he thereby ceased to be a "member of the system" and his application was properly and lawfully canceled. The appellant first contends that Special Term erred in vacating its prior order transferring the matter to this court and then entering an order on the merits of the proceeding. It is clear that Special Term had no authority to attempt to recall the matter after it had been transferred to this court. While its procedure is not to be condoned and its order and judgment are reversed, nevertheless, the proceeding is before this court for determination pursuant to the original order entered in Albany County on October 26, 1976. The determinative issue is whether or not the Comptroller erred when he found, as a matter of law, that the application was canceled by the death of the member. The petitioner contends that the application of the member "met the statutory prerequisites for ordinary disability retirement" and based thereon appears to conclude that the claim would not thereafter cease by virtue of death. Special Term found that the member had a "vested right" to benefits "contingent upon a favorable decision of the comptroller". A reasonable reading of section 362 discloses that the Legislature did not intend that retirement would be effective as of the date of the filing of the application and it expressly provided in subdivision aa "retirement shall be effective as of a date approved by the comptroller." Subdivision f of section 340 does expressly provide that membership ceases upon death and there is no indication that a retirement may occur after death. The present record does not disclose any serious delay by

the Comptroller or the staff of the appellant in processing the application and, in any event, there would be no basis furnished by any such delay for otherwise disregarding the intent of the statute that the retirement is not dated by the filing of an application. Upon the present record the interpretation of the statutory provisions by the Comptroller cannot be considered as one lacking a rational basis. Order and judgment, entered on February 7, 1977, reversed, on the law and the facts, without costs. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.