■ In the Matter of ANNA M. TRIPPODO, Respondent, v EDWARD V. REGAN, as Comptroller of the State of New York, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered October 7, 1987 in Albany

Petitioner became a member of the New York State Employees' Retirement System (hereinafter the Retirement System) in December 1976. She left employment due to disability in June 1985 and her employment was terminated on September 4, 1985. Her application for ordinary disability retirement benefits under Retirement and Social Security Law § 506 was denied by respondent due to the fact that petitioner had not been determined to be eligible for primary Social Security disability benefits because of her age, 65.* Following unsuccessful administrative review, petitioner commenced this CPLR article 78 proceeding to annul respondent's determination. Supreme Court granted the petition, interpreting Retirement and Social Security Law § 506 (a) to mean that a member must fulfill only the disability requirements for primary Social Security disability benefits, and remitted the matter for a determination of whether petitioner's actual physical disablement is of such a nature or severity that were she less than 65 years old, "her present physical disability would have met the level of injury or illness which would be required by Social Security before allowing her primary disability". Respondent appeals.

We reverse. We begin with the fundamental premise that where statutory language is clear and unambiguous, a court should construe it so as to give effect to the plain meaning of the words used (see, Patrolmen's Benevolent Assn. v City of New York, 41 NY2d 205, 208; see also, Doctors Council v New York City Employees' Retirement Sys., 71 NY2d 669, 674-675). In our view, interpreting the words "eligible for primary social security disability benefits" to mean eligible in but one respect, as did Supreme Court, is not giving effect to the plain meaning of the words. Further, respondent, charged with administering the Retirement and Social Security Law, must determine in the first instance the proper construction of its terms (see, Matter of John v Regan, 139 AD2d 827, 828); his construction will be upheld unless it is irrational (supra). Respondent's literal interpretation of Retirement and Social

---

* Retirement and Social Security Law § 506 (a) provides: "A member in active service who is not eligible for a normal retirement benefit shall, upon completing five years or more of service, be eligible * * * *if such member has been determined to be eligible for primary social security disability benefits*" (emphasis supplied).

Security Law § 506 (a) is by no means irrational. Finally, a review of the letters and memoranda submitted on the legislation (Governor's Bill Jacket, L 1976, ch 890) shows respondent's interpretation to be consistent with the intent of the Legislature in enacting Retirement and Social Security Law § 506 (a) *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 125). The Deputy Comptroller for the Retirement System was but one of several State officials and interested organizations who cautioned that under the proposed law "it is entirely possible that persons covered by this plan will never receive a disability benefit, notwithstanding the fact that they have become totally disabled" (mem of State Comptroller, July 26, 1976, at 3; Governor's Bill Jacket, L 1976, ch 890).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.