██ In the Matter of THOMAS A. CASSIDY, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for additional service credit.

Petitioner was employed by the Department of Transportation (hereinafter DOT) when, from January 24, 1976 through July 28, 1977, he was among a group laid off due to budgetary constraints. During the period of this unemployment, petitioner secured other employment which paid him some $4,000 more than he would have earned from DOT. Because of this fact, petitioner was not included among those enumerated to receive some compensation for being laid off pursuant to grievance settlements between petitioner's collective bargain-

ing representative and the State. Nonetheless, petitioner sought service credit for the period that he was laid off, but his request was denied. Following a hearing, respondent Comptroller sustained the denial of service credit allowance concluding that petitioner was not eligible during the subject period. Petitioner commenced this CPLR article 78 proceeding to challenge the determination, and it has been transferred to this court for review.

It is well settled that the Comptroller has exclusive authority to determine applications for any form of retirement benefit (Retirement and Social Security Law § 74 [b]) and is responsible for construing the terms of the Retirement and Social Security Law, constructions of which must be upheld if not unreasonable (see, e.g., Matter of Trippodo v Regan, 145 AD2d 858, 859). It is equally well settled that the Comptroller's determinations must be upheld if supported by substantial evidence (see, e.g., Matter of Huether v Regan, 155 AD2d 860, lv denied 75 NY2d 705). Service credit is allowed for "[g]overnment service" (Retirement and Social Security Law § 41 [b] [1]), which is defined as "[p]aid service * * * as an officer or employee of an employer" (Retirement and Social Security Law § 2 [11] [a]). There can be no dispute that petitioner did not perform any paid service as an officer or employee of DOT during the period of his unemployment. Thus, petitioner does not qualify for service credit under this rationale.

According to the hearing testimony of the Assistant Director of Retirement Services, service credit can be allowed if the employee is named in a settlement, order or judgment following a grievance. The settlements in the record do not enumerate petitioner among the successful grievants so that petitioner is not eligible for service credit under this alternative rationale, which is reasonably designed to ensure certainty as to those eligible for service credit. That another employee who was not among those enumerated in the settlement might have, apparently erroneously, received service credit for the period of unemployment cannot establish any estoppel against respondents (see, e.g., Matter of Williams v Regan, 145 AD2d 884, 886). Under such circumstances, we conclude that the Comptroller's interpretation of the applicable statutes is reasonable and the determination is supported by substantial evidence.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.