■ In the Matter of ANTHONY NAPPI, Petitioner, v EDWARD V. REGAN, as Trustee of the New York State Retirement System, Respondent. [605 NYS2d 461] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for Tier I membership in the New York State Retirement System.

Petitioner entered State service on September 28, 1972 and was paid through July 4, 1973, when he took a leave of absence without pay effective July 5, 1973. Petitioner received no pay for any period subsequent to July 4, 1973 until October 10, 1973, on which date he resigned retroactive to July 4, 1973. When he resumed State service on September 7, 1978, petitioner applied for membership in the New York State Retirement System, requesting that he be placed in Tier I.

At all times relevant, Retirement and Social Security Law § 40 (f) provided that membership in the Retirement System is terminated five years* after the date upon which the member last performed government service. Retirement and Social Security Law § 2 (11) defines government service as "[p]aid service". After a hearing, respondent determined that more than five years had elapsed since petitioner's prior govern-

---

* Effective August 2, 1986, the five-year period was increased to seven years (L 1986, ch 774, § 1).

ment service had been rendered and, in accordance with Retirement and Social Security Law § 500, when his employment by the State resumed, petitioner was properly placed in the category commonly referred to as Tier III. Petitioner has challenged this determination as unsupported by substantial evidence.

In this CPLR article 78 proceeding to review that determination, we find that petitioner went on an unpaid leave of absence on July 5, 1973 and thereafter rendered no government service, as defined by Retirement and Social Security Law § 2 (11), until September 7, 1978. At that time, new employees who entered the Retirement System were placed in Tier III (Retirement and Social Security Law § 500). This finding is fully supported by the government records of petitioner's employment as well as by other evidence offered in the course of the hearing. Inasmuch as the determination is supported by substantial evidence, it must be confirmed (see, Matter of Cassidy v Regan, 160 AD2d 1210, 1211).

Mikoll, Yesawich Jr., Crew III and Cardona, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.