■ In the Matter of TRI-STATE NEWSPAPER SERVICE, INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [623 NYS2d 399] —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 25, 1993, which revised the employer's unemployment insurance contribution rate.

Labor Law § 581 provides for an experience-rating system which allows for variations in the unemployment insurance contribution rates from the standard rate of qualified employers. Thus, an employer with a good employment history will have a tax rate lower than the standard rate. On the other hand, if an employer's account registers a negative balance in excess of 2% of the employer's payroll, this amount is transferred as a charge to the general account (Labor Law § 581 [1] [e]); if such a transfer and charge to the general account occurs within three payroll years preceding the computation date, the law requires that the employer's tax rate not be less than the standard rate of 5.4% (Labor Law § 581 [2] [a]).

In early 1990, Tri-State Newspaper Service, Inc. (hereinafter the employer) received an IA-97 form which set the 1990 rate at the standard rate of 5.4% based on a negative account balance of $1,052.93 incurred in 1988. The employer applied for a retroactive adjustment of its 1990 rate and tendered a check for the amount of the 1988 negative account balance. When this application was rejected by the Commissioner of Labor as untimely, the employer requested a hearing. The

employer's president testified that the 1990 rate was 2.6% and that the employer never received the IA-93 form notifying the employer that it was subject to an excess negative account balance transfer or notice that the employer could have avoided the increase by a voluntary payment of $1,052.93 by January 31, 1991 (see, Labor Law § 581 [1] [d]). A senior account examiner testified for the Commissioner that the IA-93 notice form was not required by law and was sent as a courtesy only, and that the computer records indicated that such form was sent to this employer. Based on a finding that employers are responsible for auditing their own tax status and the lack of any requirement that the IA-93 form be sent to such employers, the Unemployment Insurance Appeal Board sustained the Commissioner's determination which affirmed the application of a 5.4% unemployment rate on this employer for the years 1990 and 1991 due to an excess negative balance of $1,052.93 in 1988.

We find that substantial evidence supports the Board's decision, which involves the resolution of a factual issue. The Labor Law does not require the issuance of an IA-93 form and the evidence demonstrates that the employer should have been able to calculate whether it had a negative balance in excess of 2% of its payroll. Labor Law § 581 (1) (d) provides that employers can make voluntary payments at any time and Labor Law § 581 (2) (a) describes the consequences to an employer who maintains negative balances. Labor Law § 581 (1) (d) also provides information as to all applicable deadlines for this purpose. Inasmuch as the employer failed to demonstrate that it was impossible for it to acquire the pertinent information without receipt of an IA-93 form, and because the Board did not conclude that the issuance of IA-93 forms was an established policy, the decision of the Board should be affirmed. We find no merit in the employer's additional claim that constitutional due process requires notice of a negative account balance to employers (see, Matter of Finkel, Nadler & Goldstein [Levine], 46 AD2d 196, 198, appeal dismissed 37 NY2d 740).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.