■ In the Matter of BUDGET TIRE AUTOMOTIVE, INC., Appellant, v WILLIAM D. O'DELL, as Chairman of the New York State Department of Labor Industrial Board of Appeals, Respondent.

[636 NYS2d 879] —Mikoll, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 20, 1994 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed petitioner's application to compel respondent to accept and review an administrative appeal.

On May 27, 1994, the Commissioner of Labor issued an order of compliance to petitioner, finding that petitioner had violated Labor Law § 652 (1) by underpaying wages to a former employee. The order was served by mail directly to petitioner and directed petitioner to pay wages, interest and penalties in an amount totaling $23,811.71. On August 9, 1994, petitioner, by its attorney, petitioned the State Industrial Board of Appeals (hereinafter the IBA) for review of this determination. Noting that petitions for review must be filed no later than 60 days after the issuance of an order sought to be reviewed (see, Labor Law § 101 [1]), the IBA determined that petitioner's review request was untimely. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to compel the IBA to review its administrative appeal. Supreme Court dismissed the petition and this appeal followed.

We affirm. Petitioner's failure to comply with the 60-day time limit for challenging the Commissioner's order is a fatal defect. We reject petitioner's argument that the Board should be equitably estopped from invoking Labor Law § 101 (1) because the Commissioner only sent a copy of its order to petitioner and petitioner delayed forwarding a copy to its counsel under the mistaken assumption that counsel had similarly received a copy of the order. However, the fact that carbon copies of certain correspondence from the IBA were apparently sent to *both* petitioner and its attorney in the past as a courtesy does not mean that estoppel is called for in this instance (cf., *Matter of Tri-State Newspaper Serv. [Sweeney]*, 213 AD2d 813, 814).* Labor Law § 33 clearly provides for service upon an officer or agent of a corporation which was concededly done in this case; no mention is made of similar service being made upon the corporation's attorney. Even if petitioner's claim that its attorney was erroneously advised that he would also be served with an order is true, we find no reason under the circumstances presented here to depart from the traditional rule that the doctrine of equitable estoppel is not available against a public agency when it is discharging its statutory

---

* Significantly, past correspondence that was also sent to petitioner's counsel had a "cc" notation informing petitioner of that fact and in this case such a notation was absent. Thus, petitioner's claim that it was misled by any actions by the IBA is not supported by the record.

duties (*see, Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369; *Matter of Jackson's Marina v Jorling*, 193 AD2d 863, 866).

Cardona, P. J., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.