■ SHAWN D. FLAHERTY, as Guardian of ELIZABETH L. SHOUDY, an Infant, Respondent, v H. CARL McCALL, as State Comptroller, New York State and Local Retirement Systems, Respondent, and LINDA C. MARTIN, as Executor of CHARLES H. SHOUDY, Deceased, Appellant, et al., Defendant. [692 NYS2d 771] —Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 31, 1998 in Albany County, which, *inter alia*, partially granted plaintiff's cross motion for sum-

mary judgment by declaring that defendant Camille G. Shoudy was not entitled to decedent's death benefits payable by the New York State and Local Retirement Systems.

The issue presented on this appeal is whether Supreme Court—having determined that defendant Camille G. Shoudy, the wife of decedent Charles H. Shoudy, had, pursuant to a separation agreement, waived her rights as designated beneficiary to the retirement death benefits of decedent—should have thereafter determined the rights of the two remaining parties who claim entitlement to the benefits. Because we conclude that Supreme Court properly refrained, in this declaratory judgment action, from deciding an issue which should be determined by defendant Comptroller in the first instance, we affirm.

After decedent died, Shoudy, his second wife from whom he was separated pursuant to a recently executed separation agreement, applied for ordinary death benefits payable from the New York State and Local Retirement Systems (*see*, Retirement and Social Security Law § 60-c).[1] Under the terms of their separation agreement, Shoudy had specifically relinquished any claim to decedent's pension benefits; however, decedent did not thereafter change his designation of beneficiaries on file with the Retirement System. In 1988, decedent had designated Shoudy as the sole primary beneficiary of such benefits on the form he filed with the Comptroller. His sole designated contingent beneficiary is his daughter from his first marriage to plaintiff Shawn D. Flaherty, from whom he was divorced; Flaherty appears as plaintiff in this action solely on behalf of their daughter, Elizabeth L. Shoudy (hereinafter the infant).

Decedent's estate, in correspondence to the Retirement System, objected to its payment of death benefits to Shoudy based upon the waiver contained in the separation agreement; the estate also claimed that the contingency had not been satisfied (i.e., the primary beneficiary, Shoudy, had not predeceased decedent) and thus the benefits were payable to the estate rather than to the infant as contingent beneficiary. In response, the Retirement System informed[2] the estate that, notwithstanding the separation agreement, it was bound to pay the benefits

1. Shoudy is also the mother of decedent's other child, Daniel C. Shoudy, who is not a party to this action.

2. The Retirement System letter dated July 23, 1997 was sent to counsel for the estate, Daniel Centi, and copied to Shoudy. It is not clear from this record whether this letter or another document not contained in this record constituted the Comptroller's determination of Shoudy's application (*see*,

to Shoudy as the designated primary beneficiary or, alternatively, to pay the infant as the contingent beneficiary, and that the estate could request a hearing and redetermination of the matter (*see*, Retirement and Social Security Law § 74 [d]).[3] Although the estate and plaintiff formally requested a hearing and redetermination, plaintiff commenced this declaratory judgment action before the scheduled administrative hearing was conducted.

In this action plaintiff sought a declaration from Supreme Court that Shoudy waived any death benefits under the terms of her separation agreement and, further, that the infant was entitled to the benefits as contingent beneficiary. The estate answered and counterclaimed, alleging (1) that, under the terms of the separation agreement, decedent had assigned the death benefits to his estate, and (2) that the contingency in the designation of beneficiary form had not occurred, thus the estate and not the infant was entitled to the death benefits. The estate also cross-claimed against Shoudy and the Comptroller contending, as did plaintiff, that Shoudy had waived all death benefits under the terms of the separation agreement. All parties except the Comptroller then moved or cross-moved for summary judgment, the Comptroller and the Retirement System adhering to their position that Shoudy was entitled to the death benefits.

Supreme Court granted the motions and cross-motions to the extent of declaring that, under the terms of the separation agreement, Shoudy had effectively waived all rights as designated beneficiary to decedent's death benefits (*see*, *Kaplan v Kaplan*, 82 NY2d 300; *see also*, *Curley v Giltrop*, 68 NY2d 651). The court directed Shoudy to execute and file a formal renunciation of benefits under EPTL 2-1.11, which she has done. Further, the court determined that the separation agreement did not constitute an assignment by decedent of the death benefits to his estate. After deciding all issues of law pertaining to the interpretation and effect of the separation agreement—the substance of which no one disputes on this appeal—

Retirement and Social Security Law § 74 [b], [c]). It does not appear that this letter was sent to plaintiff or the infant. In any event, the hearing and redetermination (*see*, Retirement and Social Security Law § 74 [d]) of that decision apparently never occurred.

3. It does not appear that the estate or the infant ever formally applied for the death benefits as contemplated by Retirement and Social Security Law § 74 (a) so as to be entitled to a hearing and redetermination under § 74 (d). However, plaintiff submitted uncontroverted evidence that her request for an application on behalf of the infant was refused by the Retirement System.

Supreme Court determined that the remaining issue of entitlement to death benefits as between the estate and the infant must, in the first instance, be determined by the Comptroller whose final determination is subject to judicial review under CPLR article 78. Accordingly, the court refrained from deciding that issue. Only the estate now appeals, contending that Supreme Court should have decided the question of entitlement as between the contingent beneficiary infant and the estate. Shoudy has not appeared on this appeal.

We disagree with the estate's contentions and affirm Supreme Court's order. Pursuant to Retirement and Social Security Law § 74 (b), the Comptroller is vested with the exclusive authority to determine applications for any form of retirement benefits payable under Retirement and Social Security Law article 2, which includes ordinary death benefits (*see*, Retirement and Social Security Law § 74 [b]; *see also, Matter of Nisnewitz v Regan*, 207 AD2d 605, *lv denied* 84 NY2d 812; *Matter of Cannavo v Regan*, 122 AD2d 523, *lv denied* 68 NY2d 612; *Matter of Cunningham v Regan*, 105 AD2d 922, 923, *affd* 66 NY2d 628; *Matter of Boucher v Regan*, 88 AD2d 1066; *Matter of Silson v New York State Empls. Retirement Sys.*, 286 App Div 936, *affg* 208 Misc 2d 62). The Comptroller is charged with the administration of the Retirement and Social Security Law and, as such, "must determine, in the first instance, the proper construction of its terms", which will be upheld if not irrational or unreasonable (*Matter of Cannavo v Regan, supra*, at 524; *see, Matter of Trippodo v Regan*, 145 AD2d 858). Importantly, the Comptroller's final administrative determination of entitlement to benefits is reviewable under CPLR article 78 and will be upheld if supported by substantial evidence (*see, Matter of Trippodo v Regan, supra*, at 859; *see also*, Retirement and Social Security Law § 74 [d]; *Matter of De Deo v McCall*, 255 AD2d 683; *Matter of Nisnewitz v Regan, supra*; *Matter of Cassidy v Regan*, 160 AD2d 1210, 1211; *Matter of Boucher v Regan, supra*).

Under this rubric Supreme Court, having determined all issues in the declaratory judgment action pertaining to the interpretation of the separation agreement, essentially and correctly remitted to the Comptroller to determine—in the first instance—the remaining issue of entitlement to benefits as between the infant and the estate (*see*, Retirement and Social Security Law § 74 [b]; *cf., Kaplan v Kaplan*, 82 NY2d 300, *supra*). The issues which Supreme Court perceptively declined to resolve in the context of this action all pertain to the interpretation and effect of decedent's designation of beneficiary form

filed with the Retirement System (*e.g.*, whether the contingency was met), and the interpretation of the Retirement and Social Security Law (namely, Retirement and Social Security Law § 60 [c]), which are matters committed to the Comptroller's exclusive initial authority under Retirement and Social Security Law § 74.

Had Supreme Court resolved these issues in this declaratory judgment action, as the estate urges it should have, it would have subverted the clear statutory mandate embodied in Retirement and Social Security Law § 74 vesting the authority to render this initial determination in the Comptroller, and unmistakably subjecting that final administrative determination to CPLR article 78 review by this Court under the substantial evidence standard (*see, Matter of Nisnewitz v Regan, supra; Matter of Cannavo v Regan, supra; Matter of Boucher v Regan, supra; see also,* CPLR 7804 [g]). Notably, a declaratory judgment action may not be employed in this manner so as to circumvent the statutorily prescribed administrative process (*see, Lade v Levitt,* 33 AD2d 956, *appeal dismissed* 27 NY2d 532).

We are aware that, subsequent to Supreme Court's order, the Comptroller issued a determination by letter dated December 8, 1998 in plaintiff's (i.e., the infant's) favor, for which the estate thereafter requested a hearing and redetermination pursuant to Retirement and Social Security Law § 74 (d). However, we are not presented herein with a CPLR article 78 challenge to, or an appeal from, that administrative determination which apparently is not final under Retirement and Social Security Law § 74 (d), in any event. Moreover, that subsequent administrative determination—which was contemplated by Supreme Court—in no respect affects our conclusion that Supreme Court correctly refrained, in this action, from initially determining the issue of entitlement to death benefits as between the infant and the estate. Any challenge to the final administrative determination must, as noted, be by way of a CPLR article 78 special proceeding (*see,* Retirement and Social Security Law § 74 [d]). Accordingly, the order is affirmed.

Crew III, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with one bill of costs.