■ In the Matter of ARLENE GRAHAM, as Administrator of the Estate of ROBERT GRAHAM, Deceased, Petitioner, v H. CARL

McCALL, as Comptroller of the State of New York, et al., Respondents. [699 NYS2d 152] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied Robert Graham's applications for accidental and ordinary disability retirement benefits.

In October 1995, petitioner's spouse (hereinafter decedent), who was employed as a labor foreman by the Town of Hempstead in Nassau County, filed applications for accidental and ordinary disability retirement benefits. Decedent's application for accidental disability retirement was denied in January 1996 based upon a finding that the proof failed to establish that decedent's injury stemmed from an "accident" within the meaning of Retirement and Social Security Law § 63. Although decedent's application for ordinary disability retirement was approved in June 1996, such approval subsequently was rescinded upon discovering that decedent had died in May 1996 of causes unrelated to the disability upon which the application was based. Following an administrative hearing, respondent Comptroller denied the respective applications, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to review the Comptroller's determination.

With respect to decedent's application for accidental disability retirement benefits, we agree that the limited record before us is insufficient to permit a finding that decedent's injury resulted from an "accident". Simply stated, neither decedent's brief description of the incident in his application for benefits nor petitioner's testimony, which was based upon decedent's statements to her regarding the incident, was sufficient to sustain the applicant's burden of proof in this regard. Accordingly, the Comptroller properly denied such application.

As for decedent's application for ordinary disability retirement benefits, while it is indeed true that such retirement is "effective as of a date approved by the [C]omptroller" (Retirement and Social Security Law § 62 [aa])—here, June 25, 1996, it is equally true that membership in the Retirement System ceases upon death (Retirement and Social Security Law § 40 [f] [2]). As decedent died in May 1996 of causes unrelated to his alleged disability, prior to the approval of his application, and as there is no evidence of undue delay in the approval process, we find no basis upon which to disturb the finding that an award of ordinary disability retirement benefits under such circumstances was precluded (cf., Matter of Hanover v New York State Policemen's & Firemen's Retirement Sys., 60

AD2d 696, *affd* 45 NY2d 907). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.