Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of JENNIFER E. SCHWIND, Petitioner, v H. CARL MCCALL, as State Comptroller of the New York State and Local Retirement Systems, et al., Respondents. [716 NYS2d 406] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which determined that respondent Richard Kappeler is the primary beneficiary of the retirement benefits of decedent.

Upon retiring from State employment, Philip N. Schwind (hereinafter decedent) selected the five-year certain retirement option and filed a form dated August 1, 1996 naming petitioner, decedent's niece, as beneficiary. Thereafter, decedent requested from the New York State and Local Employees' Retirement Systems a change of beneficiary form. On August 19, 1996, he completed the form naming respondent Richard Kappeler as the primary beneficiary and petitioner as the contingent beneficiary and returned it to the Retirement System where it was filed and marked "accepted." In addition, decedent notified Kappeler that upon his death Kappeler would receive "approx $15,000+/year or more."

Following decedent's death in December 1997, petitioner and Kappeler both claimed the remaining retirement benefits. The

Retirement System denied Kappeler's application stating that the change in beneficiary was invalid because decedent was provided the wrong change of beneficiary form and it should not have been marked accepted. Following a hearing, respondent Comptroller concluded that the erroneous form it had provided to decedent nonetheless satisfied the requirements for changing the beneficiary and awarded Kappeler the remaining retirement benefits. Petitioner commenced this CPLR article 78 proceeding challenging the determination.

It is well settled that the Comptroller is vested with the "exclusive authority to determine all applications for any form of retirement or benefit[s]" (Retirement and Social Security Law § 74 [b]) and such determination will be upheld if supported by substantial evidence (see, Matter of Flaherty v McCall, 262 AD2d 890, 893). In order to effectuate a change of beneficiary under the retirement option chosen by decedent, such change was required to be in writing on a form provided by the Comptroller for such purpose and filed with the Retirement System (see, Retirement and Social Security Law § 90 [c]; see also, 2 NYCRR 301.4). Although the form provided to decedent, unbeknownst to him, was not the proper form, decedent duly designated his intended beneficiary in writing in accordance with Retirement and Social Security Law § 90 (c) and the form was filed with and accepted by the Retirement System. Under these circumstances, there is substantial evidence to support the determination that decedent sufficiently satisfied the requirements of Retirement and Social Security Law § 90 (c) and effectuated a change of beneficiaries (see generally, Matter of Davidson v New York State & Local Employees' Retirement Sys., 185 AD2d 513).

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.