■ In the Matter of PEARL LEISTEN, Individually and as Survivor and Beneficiary of DAVID LEISTEN, Deceased, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York and as Representative of the New York State and Local Employees' Retirement System, Respondent. [727 NYS2d 781] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for retirement benefits.

Petitioner is the widow of David Leisten (hereinafter decedent) who was a member of the New York State and Local Employees' Retirement System. In the spring of 1997, decedent was diagnosed with terminal lung cancer, prompting his request in October 1998 for early retirement effective December 3, 1998. At such time, decedent also filed a request for an estimate of retirement benefits which would be payable under the joint allowance-full option (*see,* Retirement and Social Security Law § 90 [a]), naming petitioner as his intended beneficiary. Notably, such form clearly indicated that it would not constitute an official designation of beneficiary for the purpose of retirement benefits.

By letter dated November 3, 1998, respondent acknowledged receipt of decedent's request for early retirement and, *inter alia*, indicated that an estimate of amounts payable under the various options would be sent shortly as would an option election form. Decedent retired as planned on December 3, 1998 and began to accrue benefits. On or about December 15, 1998, respondent, in accordance with his business practice, mailed an estimate of amounts payable under the various retirement options along with a blank option election form which was to be completed and filed within a stated time. Such form specifi-

cally noted that if an option election is not timely filed, "the law requires that you be retired under the cash refund[-] contributions option." Decedent died on December 8, 1998, prior to receiving the estimate or the blank option election form.

By letter dated January 14, 1999, petitioner informed respondent that decedent had previously elected the joint allowance-full option when he submitted his request to take early retirement. Such option would have entitled petitioner to monthly payments of $880 for the remainder of her life. After a search of its files, however, respondent failed to locate a completed option election form and thus informed petitioner that it was bound to apply the cash refund-contributions option (*see*, Retirement and Social Security Law § 90 [a], [bb] [2]). This entitled petitioner to the balance of decedent's contributions to the Retirement System, less any payments already received (*see*, Retirement and Social Security Law § 90 [a], [bb] [2]). As decedent made no contributions to the Retirement System, petitioner was entitled to receive only a full ordinary death benefit in the amount of $49,000. Despite a contrary determination rendered after a hearing held at petitioner's request, respondent denied petitioner's request for the application of the joint allowance-full option since decedent failed to effectively select such retirement option and designate her as a beneficiary. This proceeding ensued.

While an employee is authorized to elect from several retirement payout options (*see*, Retirement and Social Security Law § 90 [a]), such election must be received and filed prior to the retiree's death to be effective (*see*, *Matter of Robillard v Levitt*, 44 AD2d 611, 611-612; *see also*, Retirement and Social Security Law § 90 [c] [1], [2]). Here, the testimony reveals that decedent had knowledge of his terminal diagnosis in 1997 yet failed to contact respondent at any time prior to his death to request an expedited mailing schedule, as he was permitted to do, to ensure that he made a legally effective election of a retirement option and designation of a beneficiary (*see*, Retirement and Social Security Law § 90 [b]). With further testimony highlighting the qualitative difference between the naming of an intended beneficiary on an early retirement request and the designation of a beneficiary after a legally effective election, we yield to the determination rendered, as it was supported by substantial evidence. Respondent, "vested with the 'exclusive authority to determine all applications for any form of retirement or benefit[s]' " (*Matter Schwind v McCall*, 277 AD2d 695, 696, quoting Retirement and Social Security Law § 74 [b]; *see*,

*Matter of Flaherty v McCall*, 262 AD2d 890, 893; *Matter of Cassidy v Regan*, 160 AD2d 1210, 1211), was required by law to apply the cash refund-contributions option under the facts presented (*see*, Retirement and Social Security Law § 90 [bb] [2]; *Matter of Whitehill v New York State Teachers' Retirement Sys.*, 142 AD2d 902, 905, *affd* 73 NY2d 944; *see also, Matter of Robillard v Levitt, supra*).

We also fail to find merit in the contention that respondent should be equitably estopped from denying that a valid option election form was received since "estoppel is generally not available against the State when it acts in a governmental capacity" (*Matter of Schwartz v Crosson*, 165 AD2d 147, 149; *see, Matter of Daleview Nursing Home v Axelrod*, 62 NY2d 30, 33). As decedent was fully aware of the terminal aspect of his illness yet failed to request the appropriate forms on an expedited basis, we cannot find that respondent's mailing of the necessary papers within its regular course of business fits within the "narrow exception * * * to the general rule * * * for situations involving unusual factual circumstances" (*Matter of Smith v New York State & Local Retirement Sys.*, 199 AD2d 763, 764; *see, Matter of Daleview Nursing Home v Axelrod, supra*; *cf., Ortelere v Teachers' Retirement Bd.*, 25 NY2d 196; *Matter of Tomasino v New York State Employees' Retirement Sys.*, 87 AD2d 675, *affd* 57 NY2d 753).

Petitioner's remaining contentions have been reviewed and we find them without merit.

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.