■ In the Matter of STEVEN M. CAMPANELLI, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [733 NYS2d 260] —Spain, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 18, 2000 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioner retired in January 1995 as a result of an injury he sustained while employed as a correction officer and thereafter received ordinary disability retirement benefits in an amount equal to one third of his salary. In September 1997, petitioner filed an application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-b[1] which provides that qualified applicants are entitled to three quarters of their salary. Respondent eventually rejected the application finding that it was untimely inasmuch as it had been submitted more than two years after petitioner ceased to be a member of the New York State and Local Employees' Retirement System. Petitioner then commenced this CPLR article 78 proceeding seeking a judgment directing respondent to accept and approve his application for performance of duty disability retirement benefits. Respondent moved to dismiss the petition for failure to state a cause of action. Supreme Court determined that petitioner's application for benefits was untimely and granted respondent's motion to dismiss. Petitioner appeals.

We affirm. Initially, we note that while we agree with the ultimate conclusion reached by Supreme Court, we disagree with the court's statement that "it was not within the province of [respondent] to fill in what he considered the missing terms of [Retirement and Social Security Law] § 507-b." To the contrary, it is well settled that "[respondent] is charged with the administration of the Retirement and Social Security Law and, as such, 'must determine, in the first instance, the proper construction of its terms', which will be upheld if not irrational or unreasonable" (*Matter of Flaherty v McCall*, 262 AD2d 890, 893, quoting *Matter of Cannavo v Regan*, 122 AD2d 523, 524, *lv denied* 68 NY2d 612; *see, Matter of Keller v Regan*, 212 AD2d 856, 858; *Matter of Cassidy v Regan*, 160 AD2d 1210, 1211). Accordingly, we turn to the issue of whether respondent's determination to infer a two-year period within which an application for performance of duty disability retirement benefits must be made was irrational or unreasonable.

Retirement and Social Security Law § 507-b (a) provides, in relevant part, as follows: "Any member in the uniformed personnel in institutions under the jurisdiction of the department of correctional services * * * who becomes physically * * * incapacitated for the performance of duties as the natural and proximate result of an injury, sustained in the performance or discharge of his or her duties * * * shall be paid a

---

**1.** Retirement and Social Security Law § 507-b became effective on January 28, 1997 (L 1996, ch 722, § 6).

performance of duty disability retirement allowance equal to that which is provided in section sixty-three of this chapter." Petitioner argues that inasmuch as the statute makes no mention of a time limitation within which an application for benefits must be made, it is unreasonable to construe a two-year limitation notwithstanding that, subsequent to his application, a regulation was enacted to provide just such a limitation (*see*, 2 NYCRR 369.2).[2]

We disagree. Retirement and Social Security Law § 507-b was enacted to eliminate inequities in the amount of performance of duty disability retirement benefits received by corrections personnel in contrast to similar benefits received by other public employees (*see*, Mem of Assembly in Support, 1996 McKinney's Session Laws of NY, at 2655-2656; Retirement and Social Security Law § 63 [providing for three-quarters salary benefit]). Notably, performance of duty disability retirement benefits provided to police and fire personnel and accidental disability retirement benefits are each limited by a two-year period within which an application for benefits must be made by an applicant who is no longer a member of the Retirement System (*see*, Retirement and Social Security Law § 363-c [b] [2]; § 63 [a] [2]). Based on the foregoing, we find it entirely reasonable for respondent to require that an application for benefits pursuant to Retirement and Social Security Law § 507-b be made within two years following a member's discontinuance from service (*see*, 2 NYCRR 369.2). Moreover, as noted by Supreme Court, adoption of the interpretation urged by petitioner would render corrections personnel who retired decades ago eligible for benefits. Accordingly, inasmuch as petitioner's application for benefits was made more than two years after he ceased to be a member of the Retirement System, his application was untimely and respondent's motion to dismiss this CPLR article 78 proceeding was properly granted by Supreme Court.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

2. Petitioner's application for benefits was filed in September 1997 and the regulation became effective on October 28, 1998.