In the Matter of VINCENT A. PANIGROSSO, JR., Petitioner, v H. CARL McCALL, as New York State Comptroller, Respondent. [749 NYS2d 316] —Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for disability retirement benefits.

On November 6, 1996, while working as a mechanic's helper

for the Putnam County Highway Department, petitioner was attempting to remove a tire from its rim with a sledgehammer when another tire, which had been leaning against a wall, began to fall toward him. As petitioner reached out to catch the falling tire, he allegedly injured his back. Following surgery, petitioner returned to work. Thereafter, on June 24, 1997, while again attempting to remove a tire from its rim with a sledgehammer, petitioner experienced pain in his back and ceased working.

Petitioner initially filed an application for disability retirement benefits contending that he was permanently disabled as a result of the November 1996 and June 1997 "accidents." Some time later, petitioner filed a second application for disability retirement benefits contending, in the alternative, that he had accumulated 10 years of service credit and, therefore, no longer needed to establish that he was disabled as the result of a job-related accident. Hearings ensued and, ultimately, respondent denied both applications, finding first that petitioner had not accumulated the required number of service credits. Respondent further concluded that petitioner's injuries occurred while he was performing the customary duties of his employment and, hence, the underlying incidents could not be deemed "accidents" within the meaning of Retirement and Social Security Law § 605 (b) (3). This CPLR article 78 proceeding ensued.

As a starting point, the record makes clear that petitioner indeed did not accumulate 10 years of service credit with Putnam County. Petitioner began his employment with Putnam County in January 1990 and was removed from the payroll in August 1997. Once petitioner was off the payroll, he stopped accumulating service credit (see Retirement and Social Security Law § 609 [a] [2]). Accordingly, we find no basis upon which to disturb respondent's findings in this regard.

We reach a similar conclusion as to respondent's determination that the November 1996 and June 1997 incidents did not constitute "accidents" within the meaning of Retirement and Social Security Law § 605 (b) (3). For purposes of that statute, "[a]n 'accident' is a sudden, fortuitous, out of the ordinary and unexpected event that does not result from an activity undertaken in the performance of ordinary employment duties" (Matter of Roach v McCall, 251 AD2d 941, 942; see Matter of Jonigan v McCall, 291 AD2d 766). Here, the record reveals that petitioner routinely used a sledgehammer to remove tires from their rims and, therefore, both incidents in question occurred while petitioner was performing his usual employment duties. The mere fact that, with regard to the November 1996 incident,

petitioner swung the sledgehammer with sufficient force to cause another tire to fall does not transform an otherwise employment-related activity into an accident. Petitioner's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.