■ SIDNEY HIRSCHFELD, Director, Mental Hygiene Legal Service, Appellant, v MITCHELL TELLER et al., Respondents. [856 NYS2d 209]—

In an action, inter alia, for a judgment declaring that the Mental Hygiene Legal Service has the right of access to the mentally ill residents of neurobiological units of Woodmere Rehabilitation and Health Care Center, Inc., Brookhaven Rehabilitation and Health Care Center, LLC, Meadow Park Rehabilitation and Health Care Center, LLC, New Surfside Nursing Home, LLC, and Golden Gate Rehabilitation and Health Care Center, LLC, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated November 8, 2006, which denied his motion for summary judgment and granted the defendants' cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for, inter alia, entry of a judgment declaring that the Mental Hygiene Legal Service does not have the right of access to the mentally ill residents of neurobiological units of Woodmere Rehabilitation and Health Care Center, Inc., Brookhaven Rehabilitation and Health Care Center, LLC, Meadow Park Rehabilitation and Health Care Center, LLC, New Surfside Nursing Home, LLC, and Golden Gate Rehabilitation and Health Care Center, LLC.

Sidney Hirschfeld, the Director of Mental Hygiene Legal Service (hereinafter MHLS), commenced this action to gain access for MHLS to mentally ill residents of neurobiological units of the defendant nursing homes. Mental Hygiene Law § 47.01 (a) provides that MHLS "shall provide legal assistance to patients or residents of a facility as defined in section 1.03 of this chapter, or any other place or facility which is required to have an operating certificate" issued by the Office of Mental Health (hereinafter OMH). In the present case OMH has already determined that the defendant nursing homes are not required to obtain OMH operating certificates. A court may not substitute its judgment for that of the agency (*see Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]; *Flaherty v McCall*, 262 AD2d 890 [1999]). MHLS failed to raise a question of fact in response to this prima facie showing of entitlement to judgment as a

matter of law that its statutory mandate does not encompass the defendant nursing homes. Therefore the Supreme Court properly granted the defendants' cross motion for summary judgment.

The parties' remaining contentions need not be reached in light of our determination.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for, inter alia, the entry of an appropriate judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Lifson, J.P., Florio, Angiolillo and Chambers, JJ., concur.