■ In the Matter of WILLIAM J. STORMS, IV, Petitioner, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [915 NYS2d 415]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for disability retirement benefits.

Petitioner was employed as a maintenance mechanic for the City of Poughkeepsie in Dutchess County. In April 2007, petitioner applied for disability retirement benefits, asserting that he was permanently disabled due to work-related injuries suffered in December 2003. The application was initially denied and petitioner requested a hearing and redetermination. Following a hearing, a Hearing Officer upheld the denial and respondent Comptroller adopted those findings. Petitioner then commenced this CPLR article 78 proceeding.

We confirm. The Comptroller "is vested with exclusive authority to determine all applications for retirement benefits and such determination must be upheld if supported by substantial evidence" (*Matter of Curtin v Hevesi*, 57 AD3d 1178, 1178 [2008]). As petitioner had less than 10 years of service at the time he submitted his application for disability retirement benefits, he bore the burden of demonstrating that his disability was the result of an accident that occurred in the performance of his duties (*see* Retirement and Social Security Law § 605 [b] [3]). "An accident within the meaning of the Retirement and Social Security Law is a 'sudden, fortuitous mischance, unexpected, out of the ordinary, and injurious in impact' " (*Matter of Stimpson v Hevesi*, 38 AD3d 979, 980 [2007], quoting *Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d 1010, 1012 [1982]). "[A]n injury which occurs without an unexpected event as the result of activity undertaken in the performance of ordinary employment duties, considered in view of the particular employment in question, is not an accidental injury" (*Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II*, 57 NY2d at 1012; *see Matter of Panigrosso v McCall*, 298 AD2d 797, 798 [2002], *lv denied* 99 NY2d 507 [2003]).

Here, petitioner testified that he was moving a generator with his supervisor when he felt a sharp pain in his hip and fell to the ground. However, petitioner did not testify that his injury was precipitated by an unexpected event, but both petitioner and his supervisor did testify that moving generators was one of petitioner's ordinary employment duties. Inasmuch as the rec-

ord reflects that petitioner was performing an ordinary employment duty and there is no evidence of a precipitating unexpected event, we find the Comptroller's determination to be supported by substantial evidence.

Cardona, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.