■ In the Matter of LISA GOLDBERG, Individually and as Survivor and Beneficiary of MARTIN GOLDBERG, Deceased, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, et al., Respondents. [930 NYS2d 89]—

Garry, J.

Martin Goldberg (hereinafter decedent), a parole officer, was diagnosed with pancreatic cancer and stopped working in December 2006. A month later, he applied for various benefits, including disability retirement benefits pursuant to Retirement and Social Security Law article 15. Decedent's application was acknowledged by a January 31, 2007 letter from the New York State and Local Retirement System that advised him he needed to submit additional information, was entitled to elect a payment option, and provided a blank option election form enabling him to do so. Petitioner, decedent's widow, denied receiving that letter, and a completed option election form was not submitted. Decedent passed away in February 2007, and his application was denied given the absence of the option election form. Petitioner sought review of that decision and, following a hearing, the Hearing Officer denied decedent's application. Respondent Comptroller adopted the Hearing Officer's determination in relevant part, and this CPLR article 78 proceeding ensued.

Exclusive authority is vested with the Comptroller to decide applications for retirement benefits, and those determinations must be upheld if supported by substantial evidence (see Matter of Storms v DiNapoli, 80 AD3d 1070, 1071 [2011]). Here, decedent's death terminated his membership in the Retirement System, warranting the denial of his pending application for disability retirement benefits under most circumstances (see Retirement and Social Security Law § 40 [f] [2]; Matter of Graham v McCall, 266 AD2d 789, 790 [1999]). Decedent's application could nevertheless be processed after his death if he had additionally submitted "a valid option election form," but he failed to do so (Retirement and Social Security Law § 90 [b]).

Accordingly, the Comptroller's determination denying decedent's application was supported by substantial evidence (*see Matter of Leisten v McCall*, 285 AD2d 897, 898 [2001], *lv denied* 97 NY2d 605 [2001]; *Matter of Robillard v Levitt*, 44 AD2d 611, 611-612 [1974]).

We are similarly unpersuaded by petitioner's claim that the Comptroller should be equitably stopped from denying decedent's application because the Retirement System did not provide a copy of the option election form in a timely manner. At the time decedent submitted his application, he had a copy of the Retirement System's description of the various benefits available to him, which stressed that he "must select an option for the payment of" disability retirement benefits. Moreover, the option election form could have readily been obtained by decedent from a number of sources, and the fact that the Retirement System ordinarily also mails a copy of the form to applicants is no reason "to depart from the traditional rule that the doctrine of equitable estoppel is not available against a public agency when it is discharging its statutory duties" (*Matter of Budget Tire Automotive v O'Dell*, 223 AD2d 988, 989-990 [1996]; *see Matter of Leisten v McCall*, 285 AD2d at 899).

Spain, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.