*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    519268
_____

In the Matter of JOHN SANDERS,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

NEW YORK STATE AND LOCAL
    EMPLOYEES' RETIREMENT
    SYSTEM,
                    Respondent.
_____

Calendar Date:  February 9, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Clark, JJ.

                    _____

        Creighton Johnsen & Giroux, Buffalo (Jonathan Johnsen of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondent.

                    _____

Clark, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's request to withdraw his application for service retirement.

        Petitioner began working as a police officer for the Buffalo Police Department in 1988.  With an eye towards retirement, he met with a retirement information representative in April 2011 and filed an application for service retirement benefits effective June 30, 2011.  He learned at the meeting, however, that a domestic relations order filed with respondent

would result in his ex-wife receiving a portion of his monthly retirement benefit. Petitioner believed that the terms of the order were inaccurate and, as such, told the representative that he did not wish to retire until that problem could be resolved. It became apparent that his retirement application was still being processed and, on June 29, 2011, petitioner telephoned respondent and again stated that he did not wish to retire. Petitioner continued to work until July 27, 2011, when he was advised by his employer that he had retired. Petitioner's subsequent written request to withdraw his retirement application was denied as untimely. Following a hearing, a Hearing Officer agreed that petitioner was not entitled to withdraw his retirement application. The Comptroller adopted the findings and conclusions of the Hearing Officer, and this CPLR article 78 proceeding ensued.

We confirm. The Comptroller "is vested with the exclusive authority to resolve applications for retirement benefits," and those determinations will be upheld if supported by substantial evidence in the record (Matter of Graziose v DiNapoli, 110 AD3d 1205, 1206 [2013]; see Matter of Goldberg v DiNapoli, 87 AD3d 1240, 1240 [2011]). Petitioner's application for service retirement could only be withdrawn "by filing a written request to withdraw . . . prior to the effective date of retirement," which he admittedly failed to do (2 NYCRR 341.5). Accordingly, the Comptroller's determination denying his untimely written request to withdraw was supported by substantial evidence (see Matter of Goldberg v DiNapoli, 87 AD3d at 1240-1241).

We reject petitioner's further argument that the Comptroller should be equitably estopped from denying his application to withdraw. Petitioner was advised that he must withdraw his retirement application before it became effective and, moreover, was aware that the application was being processed despite his initial effort to withdraw it. He nevertheless did nothing until the day before his retirement became effective, when he called "someone" at respondent and reiterated that he wanted to withdraw his retirement application. Petitioner claimed that the unnamed employee told him that an oral withdrawal would be sufficient, but "even if the advice given by respondent's administrative employees was erroneous, it would not

give rise to an estoppel here" (<u>Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys.</u>, 69 AD3d 1027, 1029 [2010]; <u>see</u> <u>Matter of Goldberg v DiNapoli</u>, 87 AD3d at 1241; <u>Matter of Schwartz v McCall</u>, 300 AD2d 887, 889 [2002]).

As a final matter, petitioner's assertion that respondent erred in refusing to accept an amended domestic relations order for filing was not raised in his petition and is not properly before us (<u>see</u> <u>Matter of White v State of New York</u>, 117 AD3d 1250, 1250 [2014]; <u>Matter of Goldstein v Tax Appeals Trib. of the State of N.Y.</u>, 111 AD3d 986, 987 [2013], <u>appeal dismissed</u> 23 NY3d 985 [2014], <u>lv denied</u> 24 NY3d 904 [2014]).

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court