In the Matter of SANDRA MARLAND, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents.
[8 NYS3d 743]—

Peters, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Retirement System.

Petitioner, a registered nurse, worked for Clinton County from 1989 to 2012 as an in service educator for its public health program. After her job ended, petitioner applied for membership in respondent New York State and Local Retirement System. Respondent Comptroller denied the application, finding that petitioner was an independent contractor and not an employee of the County and, therefore, not eligible for membership. Petitioner commenced this CPLR article 78 proceeding challenging the denial of her application.

We confirm. "The Comptroller is vested with exclusive authority to determine all applications for retirement benefits and such determination must be upheld if supported by substantial evidence" (*Matter of Storms v DiNapoli*, 80 AD3d 1070, 1071 [2011] [internal quotation marks and citation omitted]; *see Matter of Chichester v DiNapoli*, 108 AD3d 924, 925 [2013]). Here, the record reflects that petitioner entered into a series of annual contracts, subject to the approval of the County Legislature, that provided that she was an independent contractor and that she was not eligible for any benefits, including sick leave, vacation pay, pension or retirement benefits. Petitioner was responsible for providing her own health insurance and malpractice insurance. She was paid an hourly wage by voucher upon her submission of a weekly time sheet and no payroll deductions were taken out of her base pay. Petitioner was permitted to hire others to complete the projects and she could perform services for others at any time. Further, petitioner's supervisor testified that she would assign petitioner projects, but petitioner had no set hours and it was up to petitioner to determine how, when and where she completed the projects. Although petitioner presented contrary testimony, this presented a credibility issue for the Comptroller to resolve (*see Matter of Brennan v New York State & Local Empls. Retirement Sys.*, 50 AD3d 1374, 1376-1377 [2008]). In light of the foregoing, substantial evidence supports the Comptroller's de-

termination that petitioner was an independent contractor, despite the evidence in the record that could support a contrary result (*see Matter of Fernandez v New York State & Local Retirement Sys.*, 17 AD3d 921, 922 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Sitrin v Regan*, 90 AD2d 583, 584 [1982], *lv denied* 58 NY2d 605 [1983]).

Garry, Rose and Devine, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.