Matter of PLS Check Cashiers of N.Y. Inc. (Commissioner of Labor) (2021 NY Slip Op 05142)





Matter of PLS Check Cashiers of N.Y. Inc. (Commissioner of Labor)


2021 NY Slip Op 05142


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

531577
[*1]In the Matter of PLS Check Cashiers of New York Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Jackson Lewis PC, Melville (Noel P. Tripp of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for respondent.



Colangelo, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 2019, which ruled that the unemployment insurance experience rating of PTL Check Cashing Corp. was transferred to PLS Check Cashiers of New York Inc.
PLS Check Cashiers of New York Inc. (hereinafter PLS) is a non-depository financial institution licensed by the Department of Financial Services that provides a variety of services to customers, including check cashing, wire transfers, money orders and bill paying, at various locations throughout New York. PTL Check Cashing Corp. (hereinafter PTL) was licensed by the Department of Financial Services to operate a check cashing business at a specific location in the Bronx. In December 2012, PLS entered into an asset purchase agreement with PTL for the purpose of acquiring PTL's license to operate its business at the Bronx location. In accordance therewith, PTL surrendered its license and discontinued its business and PLS, in turn, obtained the license from the Department of Financial Services and began offering its full range of financial services at the Bronx location. Thereafter, the Department of Labor determined that, under Labor Law § 581 (4), the unemployment insurance experience rating of PTL had been transferred to PLS and, as a result, PLS's unemployment insurance tax experience account for 2014 was underpaid by $193,232.94. PLS contested the determination, and it was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board subsequently affirmed the Administrative Law Judge's decision, and PLS appeals.
"Labor Law § 581 establishes an experience-rating system that allows for variations in the unemployment insurance contribution rates from the standard rate of qualified employers in certain situations" (Matter of Putrelo Bldg. Enters., Inc. [Commissioner of Labor], 184 AD3d 938, 938 [2020] [citations omitted]; accord Matter of HOP N.Y. Entertainment, LLC [Commissioner of Labor], 194 AD3d 1218, 1219 [2021]; see Matter of Hancock Lbr. LLC [Commissioner of Labor], 56 AD3d 844, 845 [2008]). Under the statute, when a business is transferred either whole or in part from one employer to another, the transferee shall take over and continue the unemployment insurance experience account of the transferor (see Labor Law § 581 [4] [a]; Matter of HOP N.Y. Entertainment, LLC [Commissioner of Labor], 194 AD3d at 1219; Matter of Putrelo Bldg. Enters., Inc. [Commissioner of Labor], 184 AD3d at 938-939). A transfer, however, will not be deemed to have occurred if (1) the transferee has not assumed any of the transferor's obligations, (2) the transferee has not acquired any of the transferor's goodwill, (3) the transferee has not continued or resumed the transferor's business either in the same establishment or elsewhere, and (4) the transferee has not employed substantially the same employees as those of the transferor (see Labor Law § 581 [4] [c] [1]-[4]; Matter of HOP N.Y. [*2]Entertainment, LLC [Commissioner of Labor], 194 AD3d at 1219; Matter of Putrelo Bldg. Enters., Inc. [Commissioner of Labor], 184 AD3d at 939; Matter of Chronetics, Inc. [Levine], 46 AD2d 926, 927 [1974]).
It is undisputed that PLS did not assume any of PTL's financial obligations and did not hire any of its employees. Moreover, while PLS operated from the same Bronx location, its business included a variety of financial services and was not limited to check cashing, which was PTL's sole business. Significantly, the ability to operate from the Bronx location was necessary in order for PLS to obtain a license from the Department of Financial Services given the geographic limitations applicable to businesses that offer check cashing services. Although the asset purchase agreement listed other property included in the sale, PLS's president testified that the tangible assets were disposed of and the only asset that was of value was the opportunity to acquire the license to operate from the Bronx location. Notwithstanding the fact that goodwill was generally referenced as property included in the sale, PLS did not use PTL's brand, logo or phone number and had its own customer base, negating any expectation that it would be patronized by PTL's customers. In view of the foregoing, substantial evidence does not support the Board's finding that a transfer of business occurred under Labor Law § 581 (4) such that PLS acquired the unemployment insurance experience rating of PTL (see Matter of HOP N.Y. Entertainment, LLC [Commissioner of Labor], 194 AD3d at 1220; compare Matter of Putrelo Bldg. Enters., Inc. [Commissioner of Labor], 184 AD3d at 939; Matter of Hancock Lumber [Commissioner of Labor], 56 AD3d at 845-846). Therefore, the Board's decision must be reversed.
Lynch, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.